In Equity.

HARRIET B. BEALE *vs.* EVANGELINE PEARSON SWASEY, Executrix.

Cumberland.    Opinion September 20, 1909.

*Attorney and Client.  Executors and Administrators.  Claims Against Estates of Decedents Barred by Special Statute of Limitations.  " Culpable Neglect " Defined.  Revised Statutes, chapter 89, section 21.*

An attorney, within the scope of his employment, represents his client. His acts of omission as well as commission are to be regarded as the acts of the party he represents. The neglect of the attorney is equivalent to the neglect of the party himself.

In relation to claims against the estates of decedents, Revised Statutes, chapter 89, section 21, provides as follows :

"Sec. 21.  If the supreme judicial court, upon a bill in equity filed by a creditor whose claim has not been prosecuted within the time limited by the preceding sections, is of opinion that justice and equity require it, and that such creditor is not chargeable with culpable neglect in not prosecuting his claim within the time so limited, it may give him judgment for the amount of his claim against the estate of the deceased person ; but such judgment shall not affect any payment or distribution made before the filing of such bill."

*Held :*  That relief under this statute is grantable only in those cases that are unmistakably shown to be within the express provisions of the statute strictly construed.

Where the plaintiff brought a bill in equity under the provisions of Revised Statutes, chapter 89, section 21, and the defendant demurred, *held* that the allegations in the bill did not sufficiently show that the plaintiff's neglect to enforce her claim against the estate of the decedent within the time limited by statute was not the result of culpable neglect within the meaning of said chapter 89, section 21, and chargeable to her.

The phrase "culpable neglect " as used in Revised Statutes, chapter 89, section 21, has been judicially defined to mean "censurable," "blameworthy," neglect, the neglect which exists when the loss can be fairly ascribed to a plaintiff's own carelessness, improvidence or folly.

In equity.    On appeal by plaintiff.    Dismissed.

Bill in equity under the provisions of Revised Statutes, chapter 89, section 21, brought by the plaintiff creditor against the execu-

trix of the estate of Maria A. Bent, late of Portland, deceased, to recover judgment on a claim against the estate of said deceased and which said claim had become barred by the special statute of limitations, to wit, section 14 of said chapter.

The defendant both demurred and answered. The Justice of the first instance filed a pro forma decree dismissing the bill and the plaintiff appealed.

The case is stated in the opinion.

*Dennis A. Meaher,* for plaintiff.

' *John Howard Hill,* for defendant.

SITTING: WHITEHOUSE, SAVAGE, SPEAR, CORNISH, KING, JJ.

KING, J. This suit in equity is brought against the estate of Maria A. Bent under the provisions of R. S., chap. 89, sec. 21, viz :

"If the supreme judicial court, upon a bill in equity filed by a creditor whose claim has not been prosecuted within the time limited by the preceding sections, is of the opinion that justice and equity require it, and that such creditor is not chargeable with culpable neglect in not prosecuting his claim within the time so limited, it may give him judgment for the amount of his claim against the estate of the deceased person ; but such judgment shall not affect any payment or distribution made before the filing of such bill."

The defendant both demurred and answered the bill, and the case is before the Law Court on appeal from a pro forma decree sustaining the demurrer and dismissing the bill.

In support of the demurrer it is contended, among other grounds, that the facts alleged in the bill show that the plaintiff is chargeable with culpable neglect in not bringing suit on her alleged claim within the time limited by statute.

The phrase "culpable neglect" as used in this statute has been often judicially defined. See *Bennett* v. *Bennett,* 93 Maine, 241 ; *Holway* v. *Ames,* 100 Maine, 208. It is "censurable;" "blameworthy" neglect— "the neglect which exists when the loss can fairly be ascribed to his (plaintiff's) own carelessness, improvidence or folly."

Accordingly it has been held to be "culpable neglect" in the creditor of an estate to delay the enforcement of his claim even at the special request of the estate, and relying upon the distinct promises and assurances of the administrator or executor that the claim should certainly be paid. See *Waltham Bank* v. *Wright*, 8 Allen, 121 ; *Jenney* v. *Wilcox*, 9 Allen, 245 ; *Wells* v. *Child*, 12 Allen, 333.

The allegations of this bill, respecting the delay to bring suit, considered in the most favorable light for the plaintiff, are in substance, that she placed her claim with an attorney in good standing with express instructions to enforce it against the estate, that she was assured by him it was being properly attended to, and that she relied upon him and believed his assurances, and supposed her claim was in suit within the time limited, "but in some way to the plaintiff unknown or by some oversight or inadvertence or negligence on the part of the attorney" no action on her claim was seasonably begun, although, as she afterward learned, the executrix had declined and refused to pay the claim.

. We think these allegations are not sufficient to relieve the plaintiff of the charge of "culpable neglect" within the meaning of that phrase as used in the statute. An attorney, within the scope of his authority, represents his client. His acts of omission as well as commission are to be regarded as the acts of the party he represents. The neglect of the attorney is equivalent to the neglect of the party himself. *Kean* v. *Strausberger et al.*, 71 Ill. 413, a case very much in point with the case at bar. See also cases collected in note on page 36, Vol. 31, L. R. A. To entitle the plaintiff to the relief provided for by this statute, it is not enough for her to allege and show that she entrusted the enforcement of her claim to an attorney in good standing upon whom she relied, and that he did not prosecute it as directed by her, for his neglect to act in the premises must be considered as her neglect. If his neglect is culpable, then she must be chargeable with culpable neglect, at least, in the absence of any special circumstances making it equitable for her to be relieved therefrom. But no such special circumstances appear in this case. There is no allegation as to how it happened that the attorney did not seasonably bring suit on the plaintiff's claim. On the other

hand she alleges that she does not know why it was not done, suggesting however that it was "oversight or inadvertence or negligence on the part of the attorney."

The statute limitation within which claims may be enforced against the estate of deceased persons is important, serving the worthy purpose of preventing unreasonable delays in the administration and distribution of estates. Since the granting of relief under the provisions of the remedial statute here invoked contravenes this purpose of the special statute of limitations, such relief is grantable only in those cases that are unmistakably shown to be within the express provisions of the remedial statute strictly construed.

It is the opinion of the court that the allegations of the plaintiff's bill, which are admitted by the demurrer, do not sufficiently show that the neglect to enforce her claim against the estate of Mrs. Bent within the time limited by statute was not the result of culpable neglect, within the meaning of this statute, and chargeable to her.

In the language of this court in *Bennett* v. *Bennett,* supra: "To hold otherwise would be to practically nullify the statute of limitations and indefinitely prolong the administration of estates."

It is unnecessary to consider the other grounds urged by the defendant in support of the demurrer.

*Appeal dismissed. Decree of single*
*Justice affirmed with additional costs.*