**Woodrow W. TUTTLE**

v.

**CHRYSLER CORPORATION and Twin Town Chrysler-Plymouth Ltd.**

Supreme Judicial Court of Maine.

Argued Nov. 16, 1983.

Decided March 28, 1984.

Becker & Hawkins, Peter J. Becker (orally), Jeffrey Pickering, Bridgton, for plaintiff.

Hunt, Thompson & Bowie, Daniel R. Mawhinney, Frank W. DeLong, III, (orally), Portland, for Chrysler Corp.

Waterhouse, Carroll & Cyr, James F. Molleur, Peter L. Edmands, Biddeford, for Twin Town Chrysler-Plymouth.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, GLASSMAN and SCOLNIK, JJ.

SCOLNIK, Justice.

On September 17, 1979, plaintiff Woodrow W. Tuttle filed a complaint in Superior Court (Cumberland County) against defendants Chrysler Corporation (Chrysler) and Twin Town Chrysler-Plymouth, Ltd. (Twin Town). After some procedural skirmishing, defendant Chrysler filed a pretrial memorandum on May 9, 1980. On July 24, 1980, defendant Twin Town filed a pretrial memorandum. On February 17, 1981, the Superior Court dismissed plaintiff's complaint because he had completely failed to comply with M.R.Civ.P. 16(a)(1), which states, "Within 20 days after one party serves a pretrial memorandum, each other party

shall file a responding pretrial memorandum." Three months later, plaintiff moved for relief from the order of dismissal, pursuant to M.R.Civ.P. 60(b)(1) on the ground that notice to the parties was required before the court could dismiss the action pursuant to Rule 16. Because of plaintiff's request for a continuance, his motion was not heard until September 23 of the following year, at which time the dismissal was reaffirmed.[1] On this appeal from the dismissal,[2] plaintiff continues to assert that the Superior Court erred in dismissing his complaint without notice. We agree and vacate the judgment.

Rule 16(a)(1) specifically states:

Failure to file a responsive pretrial memorandum shall be grounds for default under Rule 55 or for involuntary dismissal for non-compliance with these Rules under Rule 41(b)(2), as appropriate or for imposition of any of the sanctions provided for under subdivision (d) of this Rule, where appropriate.

Rule 16(d) states, in pertinent part:

If a party fails to comply with the requirements of this rule . . ., the court shall impose upon the party . . . such sanctions as the circumstances warrant, which may include the dismissal of the action or any part thereof with or without prejudice . . . .

Although Rule 16(d) does not expressly require notice to the parties before sanctions are imposed, the reference to Rule 41(b)(2) in Rule 16(a) leads us to conclude that notice is required before the ultimate sanction of dismissal is imposed. Under Rule 41(b) a plaintiff's action may be involuntarily dismissed for want of prosecution. Under Rule 41(b)(1) (court's own motion) and 41(b)(2) (motion of defendant), the plaintiff is entitled to notice of hearing before dismissal. Rule 16(a) permits the defendant to use the mechanism of Rule 41(b)(2) to seek dismissal of the plaintiff's claim for his failure to file a pretrial memorandum. Thus, whenever dismissal under Rule 16 is instituted by the defendant, the plaintiff will receive notice. When a court, on its own motion, seeks to dismiss an action, we see no valid reason for notice to be dependent on whether dismissal is sought for want of prosecution or failure to file a pretrial memorandum; nor can we discern why notice under Rule 16 should be dependent on whether the court or the defendant instituted the dismissal. Because it was error for the Superior Court to dismiss the action without first providing notice to the plaintiff, we vacate the judgment of dismissal.[3]

The entry is:

Judgment of dismissal vacated. Remanded for further proceedings consistent with the opinion herein.

All concurring.

---

1. The 60(b) motion was filed while a counterclaim was still outstanding and without obtaining a court order, pursuant to M.R.Civ.P. 54(b), directing entry of a final judgment as to the plaintiff's claim. Although we do not decide the issue, we note the possibility that because the dismissal was not "final" within the meaning of Rule 54(b), it also may not have been "final" within the meaning of Rule 60(b). *See Brengelmann v. Land Resources of New England and Canada, Inc.,* 393 A.2d 174, 176 n. 3 (Me.1978), *cert. denied,* 440 U.S. 971, 99 S.Ct. 1535, 59 L.Ed.2d 788 (1979) (discussing requirements of Fed.R.Civ.P. 60(b)).

2. That dismissal was "final" within the meaning of M.R.Civ.P. 54(b) and thus appealable on January 7, 1983, when co-defendant Twin Town Chrysler-Plymouth, Ltd. voluntarily dismissed its counterclaim.

3. We base our decision solely on the failure to provide notice and intimate no opinion whether, upon the court's own motion or on motion of a defendant, involuntary dismissal of the plaintiff's action, after full notice, would constitute an appropriate sanction.