Ralph CUTILLO

v.

David GERSTEL.

Supreme Judicial Court of Maine.

Argued June 5, 1984.

Decided July 6, 1984.

Verrill & Dana, Paul F. Driscoll (orally), Charles L. Cragin, Portland, for plaintiff.

Preti, Flaherty & Beliveau, Randall B. Weill (orally), Robert Checkoway, Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

McKUSICK, Chief Justice.

In this suit on two promissory notes, the clerk of the Superior Court (Penobscot County) entered a default against defendant David Gerstel for failure to file a responsive pleading, and a Superior Court justice, after denying Gerstel's motion to set aside the default, fixed damages at $108,882.55 and ordered entry of judgment. On Gerstel's appeal, we reject his argument that the justice erred in not setting aside the default. We agree with him, however, that the case must be remanded for redetermination of damages because Gerstel was not given the notice required by M.R.Civ.P. 55(b)(2).

## I.

### Refusal to Set Aside the Default

Plaintiff Ralph Cutillo brought this suit to assert joint and several liability against Gerstel and one David Dodge, as well as their corporation, Maine Air Transport, Inc.,[1] by filing a complaint on February 15,

---

1. Default judgments in a like amount against Gerstel's codefendants, Maine Air Transport, Inc., and David Dodge, have not been appealed.

1983. Gerstel was a stockholder and the chief executive officer of the corporation. Dodge and the corporation were served in Maine on February 17, 1983. Five days later a Maine attorney filed on behalf of all the defendants, including Gerstel, an application for an extension of time for filing responsive pleadings until March 29, 1983. On April 21, 1983, the clerk entered defaults against Dodge and the corporation because they had failed to file responsive pleadings. On April 18, Gerstel, who is domiciled in Montreal, executed an acceptance of service by mail. When Gerstel had not filed any answer or other pleading by May 19, 1983, the clerk entered default against him also.

In the meantime, the defendants' lawyer on April 15, 1983, filed a motion to withdraw from representing them further, on the ground that Gerstel had failed after request to make satisfactory arrangements for paying a substantial bill for past legal services. That motion to withdraw was never granted or otherwise acted upon by the Superior Court. In mid-July a different Maine attorney appeared for Gerstel to move that the default against him be set aside. The principal excuse asserted by the new counsel was that Gerstel "was given to believe" that no action would be taken against him in the pending action until his attorney's motion to withdraw had been acted upon. After the parties had submitted affidavits and briefs, a Superior Court justice on January 16, 1984, denied Gerstel's motion to set aside the default. We find no error in that denial.

 We review the Superior Court's action in denying Gerstel's motion only for abuse of discretion. *See McNutt v. Johansen*, 477 A.2d 738, 740 (Me.1984); *Porges v. Reid*, 423 A.2d 542, 544 (Me.1980). The Superior Court could set aside the entry of default for "good cause shown." M.R. Civ.P. 55(c). To show good cause Gerstel

had the "burden of proving both a good excuse for the default and the existence of a meritorious defense to the action." *Porges*, 423 A.2d at 544. Without even reaching the question whether Gerstel had a meritorious defense, the Superior Court was well justified in rejecting his claimed excuse. He obviously had no basis for assuming that the suit against him came to a standstill when his attorney filed a motion to withdraw. *See McNutt v. Johansen*, 477 A.2d at 740 (wife's mistaken belief that husband's bankruptcy petition would stay proceedings against her does not constitute "good cause"). That motion, until granted, did not change the position of that lawyer as the attorney of record for Gerstel for all purposes of the pending suit. *See* M.R.Civ.P. 89(a); M.Bar R. 3.5(a)(1). Gerstel is charged with any omissions of his attorney of record. *See Berman v. Griggs*, 145 Me. 258, 75 A.2d 365 (1950); *Leviston v. Standard Historical Society*, 133 Me. 77, 173 A. 810 (1934) (default entered due to attorney's failure to defend case is not "accident, mistake, or misfortune" on part of the client); *Beale v. Swasey*, 106 Me. 35, 75 A. 134 (1909).

## II.

### Fixing of Damages for Default Judgment

 In July 1983 plaintiff Cutillo moved for the Superior Court to determine damages and to order judgment on the previously entered defaults. Plaintiff's motion was pending at the same time as defendant Gerstel's motion to set aside the default as to him. On January 16, 1984, after the Superior Court justice had heard the parties on Gerstel's motion and had denied it, he proceeded to grant plaintiff's motion for judgment in the amount requested by plaintiff. The judgment so entered cannot stand as against Gerstel because he had not been given the notice required by M.R. Civ.P. 55(b)(2).[2] Neither party had filed

---

**2.** In pertinent part, M.R.Civ.P. 55(b)(2) provides as follows:

> If the party against whom judgment by default is sought has appeared in the action, he

(or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application.

memoranda or affidavits on the damages issue in preparation for the January 16 hearing, and indeed plaintiff's counsel in advance had written the court and Gerstel's counsel to request specifically that his motion for determination of damages not be heard on that date in connection with Gerstel's motion to set aside the default. Failure to give Gerstel the required 3-day notice is cause for setting the default judgment aside on appeal. *See* 2 Field, McKusick & Wroth, *Maine Civil Practice* § 55.4, at 21 (2d ed. 1970); 10 Wright, Miller & Kane, *Federal Practice and Procedure* § 2687, at 438 (2d ed. 1983). The Superior Court must redetermine the amount of damages due to plaintiff Cutillo from Gerstel after plaintiff has given defendant a 3-day notice of the hearing on plaintiff's application for entry of judgment by default. Recently, in *McNutt v. Johansen*, 477 A.2d at 740, we have discussed the nature of the hearing to be conducted under Rule 55(b)(2).

▆▆▆ On remand, it should be noted that no judgment by default may be en-

tered unless the originals of the two promissory notes on which plaintiff sues are filed with the clerk or "unless the court for cause shown shall otherwise direct on such terms as it may fix." M.R.Civ.P. 55(b)(3).[3] Copies of the notes satisfy neither the plain language nor the purpose of the rule. Before obtaining a default judgment, a plaintiff is required to give up the original of a negotiable instrument, in order that he may not recover on it twice, either by negotiating it or by suing elsewhere upon it.

The entry is:

Judgment by default against David Gerstel vacated; remanded solely for redetermination of the amount of damages in accordance with the opinion herein.

All concurring.

---

3. M.R.Civ.P. 55(b)(3) reads in full:

 (3) *Judgment on Negotiable Obligation.* No judgment by default shall be entered upon a claim based on a negotiable instrument or other negotiable obligation unless the instrument or obligation is filed with the clerk or unless the court for cause shown shall otherwise direct on such terms as it may fix.