Dorothy WESTBROOK and Carl H. Westbrook

v.

Lynn A. WALLACE.

Supreme Judicial Court of Maine.

Argued June 7, 1984.

Decided July 17, 1984.

Marcou & Marcou, Louis R. Marcou (orally), Waterville, for plaintiffs.

Eugene C. Coughlin (orally), Bangor, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

WATHEN, Justice.

The plaintiffs, Carl and Dorothy Westbrook, appeal from an order of the Superior Court (Waldo County) dismissing their complaints with prejudice for failure of plaintiffs' counsel to appear at time of trial. Plaintiffs argue in the alternative, that dismissal is not within the inherent authority of the Superior Court and that, in any event, the court abused its discretion. We conclude that the dismissal is authorized and, finding no abuse of discretion, we deny the appeal.

Plaintiffs filed complaints against defendant seeking recovery for personal injuries allegedly caused by defendant's negligence. After pretrial conference and order, the consolidated actions were set on a list of jury trials scheduled to commence on November 28, 1983. On November 17, 1983, counsel were notified in writing of the scheduled trial dates. Defense counsel and defendant appeared on the morning of November 28th for trial, but neither plaintiffs nor their counsel appeared. Within a few minutes after trial was scheduled to commence, plaintiffs' counsel called the Clerk of Court's Office and stated he was ill and unable to attend. The presiding justice entered an order dismissing the complaints with prejudice on condition that:

[T]he dismissal may be stricken if, within 10 days:

(a) The Plaintiff's Counsel presents sworn testimony of two doctors that he in fact was ill *and* unable to attend Court on this date.

(b) Plaintiff's Counsel pays the costs for the Defendant and Defense Counsel, including attorneys fees, for their appearance in Court on this date.

In response to the court's conditional order, on December 2, 1983, plaintiffs' counsel filed affidavits from two physicians, and the court scheduled a hearing on plaintiffs' request to strike the dismissal. At the hearing plaintiffs were represented by a second counsel, and both doctors who treated the original counsel were called to testify. At the conclusion of the evidence, the presiding justice found that plaintiffs' counsel consulted the two doctors on November 28 only after he was advised, at the court's direction, of the dismissal and the conditions for reinstatement of the case. Counsel consulted one doctor between 11:00 a.m. and 1:00 p.m. on November 28 and consulted the second doctor at approximately 1:30 p.m. on that same day. The court also found that counsel related different symptoms of his ailment to the two doctors and that both characterized their objective findings of illness as "minimal" or "few." Finally, the justice found as fact that counsel's illness was pretextual and that the true reason for his failure to appear was that he did not want to appear before that particular presiding justice.

The court refused to strike the dismissals and ordered that the "dismissals with prejudice, entered on November 28, 1983, shall

stand as a final judgment for the Defendant against the Plaintiff in each case." From this order plaintiffs appeal.

## I.

This Court has never before squarely addressed the issue of the inherent authority of a trial court to dismiss a case for failure to appear and prosecute. In a recent decision we found it unnecessary to decide whether the Superior Court possesses inherent power to dismiss and whether such power could be exercised without notice. *Miller v. Perry*, 468 A.2d 981, 984 (Me.1983). In this case, presumably because notice and hearing were afforded pursuant to the conditional order, counsel raise no issue of notice.[1] Therefore, only the question of inherent authority is before us.

The general rule applied in various jurisdictions of this country recognizes the inherent authority of a trial court to dismiss litigation for failure to prosecute. The Supreme Court of the United States confirmed the existence of the rule as it applies to federal trial courts in the following terms:

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts. The power is of ancient origin, having its roots in judgments of *nonsuit* and *non prosequitur* entered at common law, e.g., 3 Blackstone, Commentaries (1768), 295–296, and dismissals for want of prosecution of bills in equity, e.g., id., at 451.

*Link v. Wabash Railroad Company*, 370 U.S. 626, 629–30, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962) (footnote omitted).

■ Inherent authority to dismiss has been recognized by nearly all courts which have had occasion to consider the issue. *See*, Annot., 15 A.L.R.3d 674 (1967 & Supp. 1983). Among the many types of delay which have been held to justify the exercise of the authority to dismiss are counsel's failure to appear on the trial date[2] and appearance without being prepared to proceed.[3] In accord with the great weight of authority from other jurisdictions, we hold that the dismissal of an action for failure to prosecute is within the discretion of the trial court and that such a dismissal will be reversed only where abuse of discretion is found.

Plaintiffs seek to persuade this Court that M.R.Civ.P. 41(b)(1) limits the trial court's authority to dismiss on its own motion to those cases in which no action has been taken for more than two years. Neither the mandatory language of M.R.Civ.P. 41(b)(1)—*requiring* dismissal after two years of inaction—nor the permissive language of M.R.Civ.P. 41(b)(2)—authorizing a motion by defendant—constitutes an act of abrogation. As has been stated:

> The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' *governed not by rule or statute* but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

*Link,* at 630–31, 82 S.Ct. at 1389 (emphasis added) (footnote omitted).

■ Although we expressly recognize the inherent authority of the trial courts, we add a word of caution. Such power

---

1. In a divided opinion the Supreme Court has held that the absence of notice and hearing does not render a dismissal void on due process grounds. *Link v. Wabash Railroad Company,* 370 U.S. 626, 632, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962). *Compare Tuttle v. Chrysler Corp.,* 473 A.2d 425 (Me.1984) (notice required by rule of court).

2. *See, e.g., Grunewald v. Missouri Pacific Railroad Co.,* 331 F.2d 983 (8th Cir.1964); *Janousek v. French,* 287 F.2d 616 (8th Cir.1961).

3. *See, e.g., Joseph v. Norton Co.,* 273 F.2d 65 (2d Cir.1959).

should be exercised only with full appreciation and consideration of the plight of the plaintiff. In many cases an innocent plaintiff may be deprived of a valid claim because of the action or inaction of his representative. Although such a result is consistent with principles of agency, it runs counter to the values underlying our system of justice which favors resolution on the merits. The possibility of a malpractice action may partially restore the integrity of the process, but it is not achieved without placing an additional burden on the court system and almost invariably will involve the trial of the dismissed action as the case within the case. In many instances our trial courts would do well to consider, as they have in the past, a lesser sanction than dismissal. Only when the conduct of the attorney seriously threatens the ability of the court to manage its own affairs should dismissal with prejudice be considered. Less serious forms of attorney neglect may be adequately addressed through financial sanction or separate disciplinary proceedings.

## II.

■ Finally, plaintiffs contend that the presiding justice abused his discretion in ordering dismissal of their action. The Superior Court essentially found that counsel was not so ill as to be incapable of attending the trial and inferred that the claimed illness was merely a pretext for avoiding trial before that particular justice. The record does not demonstrate that the findings and the inferences drawn therefrom are clearly erroneous. Given that factual matrix, no abuse of discretion can be shown. The presiding justice found that on the morning of trial, with a jury panel assembled, counsel resorted to pretext in order to avoid trial or to gain a different trial justice. Such conduct, if tolerated, would seriously impede the ability of the court to manage its own affairs.

The entry shall be:

Order of dismissal affirmed.

All concurring.