STATE of Maine

v.

Timber L. BOWRING and Five
Other Cases.

Supreme Judicial Court of Maine.
Argued Jan. 11, 1985.
Decided April 5, 1985.

David W. Crook, Dist. Atty. (orally), John Alsop, Asst. Dist. Atty., Skowhegan, for plaintiff.

William Thomas Hyde (orally), Skowhegan, for James M. Bartels.

Timber L. Bowring, pro se, did not appear.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

McKUSICK, Chief Justice.

This consolidated appeal is taken by the State in two criminal[1] and four civil cases[2] dismissed as a group by the District Court (Skowhegan) because neither the District Attorney nor a representative of the summonsing police department of Norridgewock was present at the criminal defendants' arraignments or the civil defendants' first appearances. The Superior Court affirmed the dismissals. Before us, the State argues that the District Court lacks the power to dismiss a case in such circumstances and, even assuming that power, that the dismissals in these cases were an abuse of the District Court's discretion. We reaffirm that the District Court possesses the power to dismiss when the State fails to appear to prosecute its cases, but find that on the facts of these cases the District Court abused its discretion by dismissing these six complaints.

### I.

▪ It is well established in Maine law that a trial court has the inherent power to dismiss either a criminal or a civil case when the party bringing the action fails to prosecute it diligently. In *State v. Wells*, 443 A.2d 60, 64 (Me.1982), we outlined the power of the court to control its docket in criminal cases:

> To accomplish the orderly administration of criminal justice the District Court must have the authority to dismiss a case

---

1. The charges of the two criminal complaints were assault and criminal speeding.

2. All four civil complaints alleged speeding violations.

on the ground that the State has failed to prosecute with due diligence.

Similarly, our opinion in *Westbrook v. Wallace,* 478 A.2d 687 (Me.1984), quoted *Link v. Wabash R. Co.,* 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962), to state clearly that a comparable power exists in civil cases:

> The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' *governed not by rule or statute* but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

478 A.2d at 689 (emphasis in original).

■ The District Court's inherent power to dismiss for want of prosecution was not supplanted by the procedural rules that also provide for the dismissal of cases by that court, *see* M.D.C.Crim.R. 48(b) and M.D.C.Civ.R. 41 incorporating M.R.Civ.P. 41(b)(1). The authority allowing dismissal by a court on its own motion arises from the power a court possesses simply because it is a court. In exercising its inherent power to dismiss, a trial court is not usurping the executive's prosecutorial function of deciding what case to move forward, but instead is exercising necessary managerial control over judicial business.

■ We caution, as we did in both *State v. Wells,* 443 A.2d at 64, and *Westbrook v. Wallace,* 478 A.2d at 689–90, that dismissal is a severe sanction that should be used sparingly. A court should exercise its inherent power to dismiss *only* when the party bringing the action has failed to fulfill its duty to the court. In each case, we will review a judge's dismissal of an action based on lack of diligent prosecution for an abuse of discretion. We now turn to that inquiry.

## II.

■ The State argues that the District Court abused its discretion in dismissing these cases because the court should not require the presence of the district attorney or summonsing law enforcement agency at criminal arraignments or appearances on civil traffic summonses. We find no merit in this argument, but we do hold that a court should not have dismissed these cases without prior warning to the law enforcement officials that their failure to appear would result in dismissal.

When a defendant appears in court in response to any traffic complaint, either criminal or civil, he is required at that time to plead or answer. M.D.C.Crim.R. 5(b); M.D.C.Civ.R. 80F(d)(1). It is important that the State be represented at that stage of the proceedings so that the District Court may respond effectively and efficiently to whatever plea or answer is entered. If the defendant pleads guilty to the crime or admits the traffic infraction, a prosecutor can immediately provide the court with information regarding the circumstances of the case and the prior record of the defendant. Entering judgment without that information may result in an inappropriately lenient or harsh sentence or civil penalty, and in any event derogates from the integrity of the sentencing process. It is no answer that final disposition of a case may be postponed to a later date. A continuance unnecessarily burdens the crowded schedule of the District Court and creates two court proceedings in the place of one. With the defendant before the court and attention focused on his matter, the case should if possible be finally determined at once if the defendant admits the offense.

The district attorney or summonsing agency also has a role to play if the defendant pleads not guilty, or denies the civil allegations against him. In criminal cases, the State can provide the court with relevant information concerning admission of the defendant to bail. In both criminal and civil cases, the presence of the State can result in a more efficient selection of a date for the later proceedings. To set a date for the future hearing in the absence of the State's representative may result in a sche-

duling conflict, requiring additional effort to resolve.

The only record of what transpired in the proceedings in the District Court in the six cases now on appeal is contained in the "further findings of facts" entered by the District Court judge at the request of the State. Those findings read in full:

On January 18, 1984 the subject complaints were in Court for arraignment; and

All the named respondents appeared, but no officer appeared for the summonsing law enforcement agency, nor did the State Attorney enter any appearance in the cases; and

The undersigned [judge] had the Clerk call said summonsing law enforcement agency to inquiry whether an officer would be appearing, and the clerk received the reply that the agency had forgotten about the cases, or words to that effect. Earlier in the morning of January 18, 1984, the court officer made a diligent search of the courthouse, looking for an officer for said summonsing law enforcement agency; but without success. The cases were called and were dismissed on the Court's own motion because all the respondent's [sic] appeared; and no officer nor attorney appeared for the summonsing law enforcement agency.

We find this a close case indeed, but on the limited record before us we must find that the District Court judge abused his discretion here. "The critical test in determining the propriety of the exercise of judicial discretion is whether, under the facts and circumstances of the particular case, it is in furtherance of justice." *Matter of Howes*, 471 A.2d 689, 691 (Me.1984). The duty of the State to attend a defendant's criminal arraignment, or initial appearance for a civil violation, is not established by statute or by any rule of procedure. Assuming the existence of an unwritten policy requiring that the State be present, there is no evidence in the record that the District Court judge notified the

District Attorney (at that time located in the same building as the court) or the Norridgewock Police that their failure to appear would result in the severe sanction of dismissal. The record shows only that the court personnel diligently attempted to locate a police officer to appear. Basic fairness requires that the District Court provide advance notice, that it will dismiss cases if the State fails to attend arraignments or first appearances for civil violations. When the District Court dismissed these six cases, it imposed a drastic remedy for a minor problem. Such an action is not in the furtherance of justice, and thus was an abuse of the District Court's discretion. Accordingly, the entry is:

Judgments vacated; remanded for entry of judgment in each case as follows: Appeal from District Court sustained; District Court judgment of dismissal vacated.

All concurring.