DEPARTMENT OF HUMAN SERVICES

v.

**Thomas VINING.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 29, 1992.
Decided Dec. 8, 1992.

---

**3.** Common sense leads us to believe, and clinical research appears to confirm that probationers pay their restitution obligations more diligently when under the threat of probation revocation. *See* Van Voorhis, *Restitution Outcome & Probationer's Assessments of Restitution: The Effects of Moral Development,* 12 Crim.Just. & Behav. 259 (Sept.1985).

James A. McKenna, Dept. of Human Services, Augusta, for plaintiff.

Justin W. Leary, Robert A. Laskoff, P.A., Lewiston, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

CLIFFORD, Justice.

The Department of Human Services appeals from a judgment of the Superior Court (Androscoggin County, *Alexander, J.*) affirming a judgment of dismissal entered by the District Court (Lewiston, *Beliveau, J.*) pursuant to M.R.Civ.P. 41(b)(2). Although the dismissal of the complaint pursuant to Rule 41(b)(2) did not constitute an abuse of discretion or error, we vacate and remand to allow the District Court to exercise the discretion it possesses under Rule 41(b)(3) to determine whether the dismissal should be with prejudice as to all parties.

In June 1988, pursuant to 19 M.R.S.A. § 272 (Supp.1991),[1] the Department filed a

---

1. 19 M.R.S.A. § 272 (Supp.1991) provides in pertinent part:

Paternity may be determined upon the complaint of the mother, alleged father, child or the public authority chargeable by law with the support of the child. If paternity has been determined or has been acknowledged ac-cording to the laws of this State, the liabilities of the father may be enforced in the same or other proceedings by the mother, child or the public authority which has furnished or may furnish the reasonable expenses of pregnancy, confinement, education, necessary support or funeral expenses.... Aid to Families with

complaint in the District Court against Thomas Vining on behalf of Ernestine Thompson, to whom it had been paying benefits under the Aid to Families with Dependent Children (AFDC) program. The complaint sought to determine the paternity of Thompson's son and to establish an amount of child support that Vining would be ordered to pay. *See* 19 M.R.S.A. §§ 271–287 (1981 & Supp.1991). The Department also sought to collect funds it had paid for past expenses of the child.[2]

In March and early April 1989, several docket entries were made pertaining to notification of service of discovery. No further activity appears on the docket until May 1991, when Vining filed his motion to dismiss pursuant to Rule 41(b)(2), based on the Department's failure to prosecute the action. After an unrecorded hearing, the District Court entered an order dismissing the complaint. This appeal followed the Department's unsuccessful appeal to the Superior Court.

M.R.Civ.P. 41(b) provides:

(1) *On Court's Own Motion.* The court, on its own motion, after notice to the parties, and in the absence of a showing of good cause to the contrary, shall dismiss an action for want of prosecution at any time more than two years after the last docket entry showing any action taken therein by the plaintiff other than a motion for continuance.

(2) *On Motion of Defendant.* For failure of the plaintiff to prosecute for 2 years or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.

(3) *Effect.* Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision (b) and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19,

operates as an adjudication upon the merits.

It is undisputed that more than two years elapsed since the Department took any action, thereby triggering the application of Rule 41(b). The only reason advanced by the Department for its failure to prosecute is a heavy caseload and a limited staff. The Department concedes that such a reason would not constitute "good cause" within the meaning of Rule 41(b)(1). *See Leadbetter Int'l Trucks, Inc. v. State Tax Assessor,* 483 A.2d 1226, 1229–30 (Me. 1984); *see also Lane v. Williams,* 521 A.2d 706, 708 (Me.1987). The Department also does not dispute that the court acted within its discretion in dismissing the Department's direct claim for reimbursement for past payments of support made on behalf of the child because of the Department's failure to prosecute the case. Because, however, Ernestine Thompson and her son are not responsible for the Department's failure to prosecute and because the dismissal operates as a final adjudication on the merits of Vining's alleged paternity, precluding any future attempts to determine that Vining is the father of the child, *see Department of Human Servs. v. Lowatchie,* 569 A.2d 197, 200 (Me.1990), the Department argues that dismissal of *their* claims in the circumstances of this case constitutes an abuse of the court's discretion under Rule 41(b)(2). We disagree with the Department that the *dismissal* itself constituted an abuse of discretion or error and that Rule 41(b)(2) requires the court to apply a different standard when considering motions to dismiss for failure to prosecute than is required under Rule 41(b)(1). We conclude, however, that under Rule 41(b)(3), the court has discretion in determining whether the dismissal shall be with prejudice.

■ The language of Rule 41(b) providing for dismissal of actions that are not

---

Dependent Children benefits expended ... on behalf of the mother by the public authority shall be considered necessary support for the child.

**2.** Vining filed a third party complaint against another person alleging that that person was the

father of the child. Following receipt of blood test results, the third party complaint was dismissed by the court in January 1989. *See* 19 M.R.S.A. § 280 (Supp.1991).

prosecuted for two years or more is designed to "enable the court to clear stale actions from its docket so that limited judicial resources may be expended on those cases to which the plaintiffs litigant have given the attention they would be expected to give meritorious causes of action." *Burleigh v. Weeks*, 425 A.2d 623, 624 (Me. 1981); 1 Field, McKusick & Wroth, *Maine Civil Practice* § 41.6 (2d ed. Supp.1981); *see also State v. Bowring*, 490 A.2d 667, 669 (Me.1985) (power of District Court to dismiss is inherent as well as provided for in the rules of procedure). That rationale applies whether the dismissal is entered on the court's own motion, pursuant to Rule 41(b)(1), or on a motion filed by the defendant under Rule 41(b)(2). *Thorne v. Pickering*, 519 A.2d 718, 720 (Me.1987). If there has been a failure to prosecute for two years or more, and a showing of good cause for that failure is absent, the complaint should be dismissed.

█ The language of Rule 41(b)(2), because it gives the court discretion to dismiss a complaint for reasons *other* than a failure to prosecute for two years, does not mean that the criteria applied by the trial court when considering a motion to dismiss for failure to prosecute brought by the defendant under Rule 41(b)(2) are different from the standards applied when considering the court's own motion pursuant to Rule 41(b)(1). *Id.* The Department's reliance on federal cases for its contention that the court has greater flexibility when considering a motion brought by the *defendant* than when the court is acting on its *own* motion is misplaced. There is a substantial difference in the wording of the Maine and federal rules. Federal Rule 41(b) "does not specify or suggest the *length* or *nature* of the 'want of prosecution' that may result in an involuntary dismissal." *Id.* at 720 n. 2 (quoting *Chute v. Lajoie*, 383 A.2d 653, 654 n. 2 (Me.1978) (emphasis in original)). Because the Department failed to prosecute this case for a period in excess of two years, and because it advanced no reason constituting good cause as to why it failed to do so, Vining was entitled to a dismissal of the complaint.

█ It is the *nature* of the dismissal, however, that implicates the discretion residing with the court when there has been an unexcusable failure to prosecute. Unless otherwise specified, a dismissal entered pursuant to Rule 41(b) is with prejudice and operates as an adjudication on the merits. M.R.Civ.P. 41(b)(3); *Lowatchie*, 569 A.2d at 200. The court can, however, pursuant to Rule 41(b)(3), provide that dismissal as to one or more plaintiffs operate *without* prejudice. The Department's failure to prosecute for two years, without good cause, properly resulted in its own claim for reimbursement of monies paid under AFDC being forever barred. The unspecified dismissal also operates as a bar to Ernestine Thompson for reimbursement of the support she has provided for the child, and precludes forever a determination as to whether Vining is the father of her son, even though apparently the Department's neglect, and not the neglect of Thompson or her child, caused the dismissal.

█ Ordinarily, a client is chargeable for the actions of her attorney. *Mockus v. Melanson*, 615 A.2d 245, 247 (Me.1992). That general rule, however, may not apply when the presence of "special circumstances mak[e] it equitable for [the client] to be relieved therefrom." *Beale v. Swasey*, 106 Me. 35, 37, 75 A. 134 (1909). The circumstances in this case are sufficiently special and unique to require a remand to the trial court for a considered exercise of its discretion under Rule 41(b)(3).

The complaint was brought by the Department and was under the direction and control of the Department's attorney. As a recipient of AFDC, Thompson most likely was not in a position to employ an attorney of her own choosing to litigate her separate claims, and could not exert the same control over the attorney representing the Department as could someone who has retained private counsel. Moreover, because it was an Assistant Attorney General representing the Department who failed to prosecute the complaint, the doctrine of sovereign immunity may well preclude

Thompson or her son from taking any action to redress the Department's neglect of the case.

Also present in this case is the interest of the minor child and the strong public policy of having the child's right to support from his biological father established by the court. *See* 19 M.R.S.A. § 271 (1981). Among other benefits, the rights of the child to inherit and to know the identity of his father are at stake in the determination of paternity. Dismissal with prejudice forever precludes the determination that Vining is the father of the child. *Lowatchie,* 569 A.2d at 200. In the particular circumstances of this case, the trial court should, pursuant to Rule 41(b)(3), specifically weigh the consequences of dismissal of the claims of Thompson for support of the child and to establish the child's paternity against the actual prejudice to Vining resulting from the failure to prosecute.

The entry is:

Judgment vacated as to the claims of Ernestine Thompson for support and to establish paternity. Judgment affirmed in all other respects. Remanded to Superior Court for remand to District Court for further proceedings consistent with the opinion herein.

All concurring.