[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONFOR SUMMARY JUDGMENT (DOCKET ENTRY No. 129)
On October 22, 1996, the plaintiff, MSB Real Estate Corporation ("MSB"), filed an amended application appealing from the actions of the Board of Tax Review of the City of Bridgeport. The defendants, City of Bridgeport and Bridgeport Board of Tax Review ("Bridgeport"), filed a motion for summary judgment on July 28, 1997 with a memorandum in support of its motion arguing CT Page 1481 that the prior owners in the chain of title, The Southern Connecticut Gas Company ("Southern"), had taken an appeal of the value of the real property known as 880 Broad Street, Bridgeport, Connecticut[1] in 1984 and the action was fully adjudicated. (Bridgeport's Memorandum, p. 3). Therefore, Bridgeport contends that the current owners are now collaterally estopped from relitigating the issue. (Bridgeport's Memorandum, p. 3). MSB filed a memorandum in opposition on October 3, 1997 arguing that the tax appeal is not barred by the doctrines of res judicata or collateral estoppel, and that an interim revaluation was necessary as a matter of law because the environmental contamination of the subject premises constitutes both a substantial destruction of the building and a changed use in the building pursuant to Connecticut case law. (MSB's Memorandum, pp. 1-2). MSB contends that Bridgeport has failed to show that there is no question of material fact involved in this case or that it is entitled to a judgment as a matter of law. (MSB's Memorandum, pp. 1-2).
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v.United Technologies Corp, 233 Conn. 732, 751, 660 A.2d 810
(1995). "The movant has the burden of demonstrating the absence of any genuine issue of material fact." Gupta v. New BritainGeneral Hospital, 239 Conn. 574, 583, 687 A.2d 111 (1996). "Because res judicata or collateral estoppel, if raised, may be dispositive of a claim, summary judgment [is] the appropriate method for resolving a claim of res judicata." Jackson v. R.G.Whipple, Inc., 225 Conn. 705, 712, 627 A.2d 374 (1993).
"Under the doctrine of res judicata, or claim preclusion, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim." (Internal quotation marks omitted.) Joe's Pizza, Inc. v. AetnaLife and Casualty Co., 236 Conn. 863, 871-72, 675 A.2d 441
(1996). "Since we deal here with tax assessments for different tax years, we are not directly concerned with res judicata but instead with that branch of the doctrine known as collateral estoppel." Uniroyal, Inc. v. Board of Tax Review, 182 Conn. 619,634 n. 9, 438 A.2d 782 (1981) (Uniroyal II). "Collateral estoppel `is that aspect of res judicata which is concerned with the effect of a final judgment on the subsequent litigation of a CT Page 1482 different cause of action involving some of the issues determined in a former action between the parties.'" Id. "For an issue to be subject to collateral estoppel, it must have been fully and fairly adjudicated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment." (Internal quotation marks omitted.) Aetna Casualty Surety Co. v. Jones, 220 Conn. 285, 296, 596 A.2d 414 (1991). "Collateral estoppel may only be invoked against a party to a prior adverse proceeding or against those in privity with that party." Id., 303. "The doctrine of collateral estoppel is based on the public policy that a party should not be able to relitigate a matter which it has already had an opportunity to litigate." (Internal quotation marks omitted.) Id., 296.
Bridgeport argues that the tax appeal and valuation runs with the land. (Bridgeport's Memorandum, p. 4). Bridgeport, relying on Uniroyal II, maintains that "the issue of valuation cannot be relitigated once a value has been set by the court." (Bridgeport's Memorandum, p. 3). The Uniroyal II court held that the first Uniroyal decision was dispositive of the issue concerning value and the earlier decision barred any claim by the defendant that the value established within that decennial was improper. Uniroyal II, supra, 182 Conn. 633. MSB, however, contends that Bridgeport has never litigated the environmental contamination issue presented in this appeal because it did not exist until at least until 1992. (MSB's Memorandum, p. 8). MSB maintains that Bridgeport cannot claim that "the question of whether environmental contamination of the building substantially destroyed it, and changed its use was litigated nine years prior to its occurrence."[2] (MSB's Memorandum, pp. 8-9). In addition, MSB argues that Bridgeport has failed to attach affidavits or other self-authenticating documents to demonstrate that there is privity between MSB and Southern. MSB further argues that "the interests Southern may have had in contesting valuation issues in 1984 are not similar to the interests that MSB advances here concerning facts which developed and matured during the period between 1992 and 1994." (MSB's Memorandum, p. 11).
To invoke collateral estoppel, the issues sought to be litigated in the new proceeding must be identical to those considered in the prior proceeding. Aetna Casualty Surety Co.v. Jones, supra, 220 Conn. 297. Bridgeport, however, has not demonstrated that there was an identified, litigated and decided issue in the 1984 hearing that would preclude the current litigation based on environmental contamination. CT Page 1483
Additionally, it appears to the court that Bridgeport has not satisfied its burden of demonstrating the absence of any genuine issue of material fact. Gupta v. New Britain GeneralHospital, supra, 239 Conn. 583. "The court's function, in ruling on the motion, is to determine whether an issue of material fact exists, not to resolve such issues." Telesco v. Telesco,187 Conn. 715, 718, 477 A.2d 752 (1982). "`A material fact' is simply a fact which will make a difference in the result of the case . . . ." Morascini v. Commissioner of Public Safety,236 Conn. 781, 808, 236 A.2d 1340 (1996). "Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Id. Bridgeport has failed to attach affidavits or other documents to support its motion for summary judgment.
At the time MSB commenced this action, Connecticut General Statutes § 12-62 required all Connecticut municipalities to perform a revaluation of property every ten years.[3] "[A] request for an interim revaluation seeks a new revaluation as of the present date because of altered conditions since the latest revaluation." Jupiter Realty Co. v. Board of Tax Review of Vernon,242 Conn. 363, 372, ___ A.2d ___ (1997). A municipality need not undertake an interim revaluation on the sole ground of market fluctuations. Ralston Purina v. Board of Tax Review,203 Conn. 425, 438-39, 525 A.2d 91 (1987). The circumstances which may require a municipality to perform an interim revaluation are: 1) the destruction of the property; 2) the expansion of the property; 3) a substantial change in the use of the property; 4) a substantial change in the property's zoning classification; or 5) a decision by the taxpayer to go out of business. Id., 435-36.
MSB alleges that since Southern vacated the premises on February 1, 1993, there has been a substantial change in the use of the premises due to recently discovered environmental contamination. (Amended Application, Count Nine, ¶ 3). MSB further alleges that the assessor overvalued the premises because "he was required by law but failed to revalue the Premises, due to the substantial change in use of the Premises, and the environmental conditions which exist at the Premises . . . ." (Amended Application, Count Nine, ¶ 8). MSB has attached the affidavit of its President, Peter Brestovan, and case law from CT Page 1484 other jurisdictions to its memorandum in opposition to Bridgeport's motion for summary judgment to support its allegations. (MSB's Memorandum, pp. 19-23 and Exhibits, A, D-L).
Bridgeport argues that the loss of a tenant or a vacancy does not constitute a substantial change of use. (Bridgeport's Memorandum, p. 7). In addition, Bridgeport maintains that the "mere presence of a hazardous condition" cannot be construed to create a circumstance requiring an interim revaluation nor can this be taken into account when valuing a property pursuant to § 12-62. (Bridgeport's Memorandum, p. 9). Bridgeport relies on General Statutes § 12-63e to argue that an assessor should not reduce the value of property due to environmentally hazardous conditions on that property. Section 12-63e applies "if such condition-was caused by the owner of such property or if a successor in title to such owner acquired such property after any notice of the existence of any such condition was filed on the land records in the town where the property is located." General Statutes § 12-63e. Therefore, an issue of fact exists regarding whether MSB had notice of the existence of an environmentally hazardous condition on the property. MSB cites the affidavit of its President, Peter Brestovan, which states that it was not in possession or control of the building when the contamination occurred and that no notice of the contamination was ever filed on the Land Records of Bridgeport. (MSB's Memorandum, p. 18 and Exhibit A, ¶ s 14-16). Bridgeport, however, has failed to attach affidavits or other documents to support its argument that § 12-63e applies in this case. Issues of material fact exist preventing the trial court from determining that a trier of fact could conclude only one way.
For the reasons stated above, the City of Bridgeport's motion for summary judgment is denied.
SKOLNICK, J.