STATE OF MAINE                                    SUPERIOR COURT
YORK, ss.                                         Civil Action
                                                  Docket No. CV-15-0276


MARC BAER, Personal Representative
of the Estate of Anne P. Baer,

                    Plaintiff

        v.                                        **ORDER DENYING**
                                                  **MOTION TO DISMISS**
JASON REIS,

                    Defendant.

Defendant Jason Reis has moved to dismiss this matter pursuant to M.R. Civ. P. 41(b)(2) based on plaintiff Marc Baer's failure to comply with court rules and orders. Baer opposes the motion on the ground that his multiple past failures to comply are solely the fault of his former attorney, Jon P. Plourde, Esq. Reis requested a testimonial hearing on the motion. Baer requested oral argument. The court decides the matter on the papers filed.

The following is a brief summary of actions that led to the filing of the instant motion. After a Rule 26(g) telephonic conference held in April 2016, the court ordered plaintiff to comply with outstanding discovery requests by June 1, 2016. When he failed to do so, the court sanctioned both Baer and Attorney Plourde. Baer was ordered to pay "forthwith" attorney's fees in the amount of $2,276.56 by order dated July 1, 2016. Plourde was separately ordered to pay a $250 sanction. At Reis's request, the action was stayed until Baer paid the attorney's fees as ordered.

1

Months later, when Baer still had not paid the attorney's fees as ordered,[1] Reis filed a motion to show cause, which was heard on March 7, 2017. Baer did not appear in person, but was represented at the hearing by Attorney Plourde. No evidence or offer of proof was presented to excuse Baer's failure to comply. Following the hearing, Reis filed the instant motion to dismiss and the parties then jointly filed a motion to continue the stay of the action previously ordered to April 15, 2017. The court granted the motion to continue the stay, except Plaintiff was ordered to file its opposition to the motion to dismiss, if any, by April 15th.

Attorney Plourde filed a notice of withdrawal on March 30, 2017; and Benjamin J. Smith, Esq., of the same law firm, Skelton, Taintor & Abbott, filed an entry of appearance for plaintiff. Subsequently an opposition to the motion to dismiss was filed, supported by affidavits of Marc Baer and Jon Plourde. Taken together, the affidavits aver that Baer was unaware and/or not timely informed of certain court deadlines, orders and proceedings; and that Plourde failed to communicate key information to Baer, delayed in addressing matters, and dissembled in an effort to cover-up his failures.

Trial courts have broad discretion to sanction parties who fail to comply with discovery rules and court orders, including invoking the ultimate sanction of a dismissal with prejudice. *See* M.R. Civ. P. 37(b)(2), 41(b)(2), (3); *Harris v. Soley,* 2000 ME 159, ¶ 9, 756 A.2d 499, 504. Dismissal with prejudice, however, should be exercised "only with full appreciation and consideration of the plight of the plaintiff," who may be "deprived of a valid claim because of the action or inaction of his representative." *Westbrook v. Wallace,* 478 A.2d 687, 690 (Me. 1984). Because the

---

[1] Attorney Plourde paid his separate $250 sanction in December 2016.

2

failures to comply in this case appear principally attributable to Attorney Plourde, the court is reluctant to impose the ultimate sanction of dismissal with prejudice.

At the same time, Defendant has endured additional expense, aggravation and delay on account of these circumstances. Baer, as the party bringing this lawsuit, is responsible for prosecuting it in a reasonable, efficient manner, and that includes responding fully and in a timely manner to legitimate discovery requests and court orders. Baer was aware of the attorney's fee order at least by August 2016. Even though it may have been his understanding that the law firm might pay it for him, it was his court-ordered obligation and he should have been more diligent in assuring its payment. Denial of the motion to dismiss is not intended to preclude Reis from requesting other sanctions that may be appropriate under Rule 37, including without limitation additional, relevant attorney's fees incurred since the July 1, 2016 order to pay attorney's fees.

Going forward, the court will not tolerate unexcused non-compliance by Baer and/or his representative(s), nor any other actions on their part that contribute to further, unreasonable delay. In that regard, this order requires plaintiff to satisfy all outstanding discovery in 21 days, establishes a new discovery deadline of October 31st, and sets the matter for conference with the court in November.

Attorney Plourde's actions raise serious questions about potential violations of his ethical obligations as an officer of the court and member of the bar. A copy of this order, together with other pertinent materials, will be sent to Bar Counsel for review and follow-up action, as appropriate.

Accordingly, it is hereby ORDERED as follows:

1. Defendant's motion to dismiss is DENIED.

3

2.    Plaintiff shall comply fully with all outstanding discovery requests within 21 days of the date this order is entered on the docket.

3.    Subject to further order of the court, the deadline for completing discovery in this matter is extended to October 31, 2017.

4.    The case will be scheduled for a telephonic status conference in early November.

5.    The clerk shall send to Bar Counsel at the Maine Board of Bar Overseers a copy of:

- This Order Denying Motion to Dismiss, dated August 29, 2017;

- Defendant's Motion to Dismiss, dated March 7, 2017;

- Opposition to Motion to Dismiss, dated April 14, 2017;

- Affidavit of Jon Plourde, dated March 29, 2017;

- Affidavit of Marc Baer, dated April 6, 2017;

- Affidavit of Theodore Small, dated April 14, 2017; and

- Defendant's Reply to Plaintiff's Motion to Dismiss (and Exhibit 1), dated April 19, 2017.

The clerk may incorporate this order on the docket by reference pursuant to Rule 79(a) of the Maine Rules of Civil Procedure.

**SO ORDERED**

Dated: August 29 2017

_____
Wayne R. Douglas
Justice, Maine Superior Court

Entered on docket: _____

4

CV-15-276
ATTORNEY FOR PLAINTIFF:
THEODORE SMALL
SKELTON TAINTOR & ABBOTT
95 MAIN STREET
AUBURN ME  04210

ATTORNEY FOR DEFENDANT:
HUMPHREY HN JOHNSON
ROBINSON KRIGER & MCCALLUM PA
TWELVE PORTLAND PIER
PORTLAND ME  04101

STATE OF MAINE
YORK, SS.

SUPERIOR COURT
Civil Action
Docket No.: CV-15-276

MARC BAER, Personal Representative
Of the Estate of Anne P. Baer,

Plaintiff

v.

**ORDER**

JASON REIS,

Defendant.

Before the court is Defendant Jason Reis's motion for an order to show cause relating to the plaintiff's failure to comply with court-ordered discovery sanctions. The court treats a motion for an order to show cause as simply a notice of hearing. *See Mitchell v. Flynn*, 478 A.2d 1133, 1134 n.2 (Me. 1984). Hearing was held on the motion today, March 7, 2017, with Attorney Jon P. Plourde, Esq., appearing for Plaintiff and Mr. Reis appearing with his attorney, Humphrey H.N. Johnson, Esq. Marc Baer was not present. Plaintiff has not complied with the court's order of July 1, 2016 requiring payment of $2,276.56 for attorney's fees. Attorney Johnson indicated that it is his intention to file a motion to dismiss under M.R. Civ. P. 41(b)(2). The court will address such motion, if filed, in the ordinary course, allowing Plaintiff the 21-day response period under the rules and an opportunity to request a hearing if desired.

The clerk may incorporate this order on the docket by reference pursuant to Rule 79(a).

**SO ORDERED**

DATED: March 7, 2017

Wayne R. Douglas
Justice, Maine Superior Court

CV-15-276

ATTORNEY FOR PLAINTIFF:
JON P PLOURDE
SKELTON TAINTOR & ABBOTT
95 MAIN STREET
AUBURN ME  04210

ATTORNEY FOR DEFENDANT:
HUMPHREY HN JOHNSON
ROBINSON KRIGER & MCCALLUM PA
TWELVE PORTLAND PIER
PORTLAND ME  04101