Saul MILLER, et al.

v.

William PERRY, et al.

Supreme Judicial Court of Maine.

Argued Oct. 17, 1983.

Decided Dec. 13, 1983.

Herbert H. Bennett & Associates, P.A., Lawrence C. Winger (orally), Portland, for plaintiffs.

Hunt, Thompson & Bowie Glenn H. Robinson (orally), M. Roberts Hunt, Portland, for defendants.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, GLASSMAN and SCOLNIK, JJ.

VIOLETTE, Justice.

Plaintiffs Saul and Estelle Miller appeal from the Superior Court's dismissal with prejudice of their suit against William Perry and others for failure to prosecute their case in a timely manner. M.R.Civ.P. 41(b).[1] On the facts of this case, we find no grounds for dismissal under Rule 41(b) and, therefore, vacate the judgment entered below.

Court docket entries reveal the following regarding the present case. On April 15,

---

1. At the time of the Superior Court's dismissal on December 20, 1982, Rule 41(b) provided in pertinent part:

    *Involuntary Dismissal: Effect Thereof.*

    (1) *On Court's Own Motion.* The court, on its own motion, after notice to the parties, and in the absence of a showing of good cause to the contrary, shall dismiss an action for want of prosecution at any time more than two years after the last docket entry showing any action taken therein by the plaintiff other than a motion for continuance.

    (2) *On Motion of Defendant.* For failure of the plaintiff to prosecute for 2 years or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. . . .

    (3) *Effect.* Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision (b) and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

1976, plaintiffs filed a wrongful death suit in the Superior Court, Kennebec County, on behalf of their son who had been killed in an airplane crash at Adams Pond, Boothbay Harbor, Maine. On April 14, 1978, plaintiffs' counsel noticed the depositions of two defendants to the action. On May 3, 1978, defendants filed a motion to dismiss under M.R.Civ.P. 41(b)(2), alleging failure to prosecute for two years. The motion was argued and decided on May 12, 1978. The presiding Superior Court justice entered the following order on the motion to dismiss:

> Case to be dismissed unless Plaintiffs proceed with Deposition on May 17, 1978 and with condition that they file pre-trial Memo by June 1st with permission granted to amend Pre-Trial in the event the testimony in connection with the Deposition warrants it.[2]

On May 26, 1978, plaintiffs' counsel filed a motion for reconsideration of the Superior Court's May 12, 1978 order, stating that plaintiffs were prepared to take defendants' depositions on May 17, 1978, in accordance with the Superior Court's order but were precluded from doing so because the deponents were unavailable. Counsel further stated that it would be fruitless to file a pre-trial memorandum until the depositions had been taken. A hearing was never held on this motion. Later, on August 3, 1978, the parties entered into a stipulation for docket entry filed with the Superior Court, providing that the case would be dismissed with prejudice automatically unless plaintiffs either noticed the depositions of defendants or filed a pre-trial memorandum by September 1, 1978. Plaintiffs' counsel noticed the depositions prior to September 1. Plaintiffs then sought additional discovery in the form of a request for production of documents filed on January 23, 1979. After defendants failed to comply with the request, plaintiffs filed a motion to compel on November 29, 1979. Hearing was held on plaintiffs' motion on May 9, 1980; the motion was granted and defendants were ordered to produce the requested documents within thirty days. Plaintiffs took no further action until April 6, 1982, when they filed their pre-trial memorandum.

On June 30, 1982 defendants filed a second motion to dismiss pursuant to M.R. Civ.P. 41(b)(2), again claiming that plaintiffs had violated the two year rule. The motion was granted after hearing on December 20, 1982. During the period between the filing and the granting of the motion, defendants propounded interrogatories to plaintiffs and requested production of documents. Defendants also filed a pre-trial memorandum. By notice dated December 15, 1982, the court clerk had scheduled a pre-trial conference for February 11, 1983. The case, therefore, was ready and scheduled for pre-trial conference at the time it was dismissed.

An action may be dismissed, under either Rule 41(b)(1) or (2), for a plaintiff's failure to prosecute for two years after the last docket entry showing any action taken by the plaintiff other than a motion to continue. The docket entries in this case show no period of two years or more during which plaintiffs failed to take action.[3] The case, therefore, was never subject to dismissal for failure to prosecute within two years under Rule 41(b). Under Rule 41(b)(2), however, noncompliance with the rules of civil procedure or with any order of court also may form the grounds for involuntary dismissal.

---

**2.** We discern no violation of the two year rule at the time the presiding justice entered this order. Plaintiffs had noticed the depositions of two defendants within two years of filing suit. We question, but do not decide, whether the justice's order was a proper one on these facts.

**3.** Defendants' second motion to dismiss states that plaintiffs took no action between the time they filed their request for production of documents on January 23, 1979, and the time they filed their pre-trial memorandum on April 6, 1982. This assertion is belied by the docket entry that shows a hearing was held on May 9, 1980, on plaintiff's motion to compel production of documents. Plaintiffs then filed their pre-trial memorandum within two years of this date. We consider the hearing on May 9, 1980, to be action taken by the plaintiffs within the meaning of Rule 41(b).

■ At the December 20, 1982, hearing on defendant's motion to dismiss, the presiding justice made the following comments and ruling:

THE COURT: From what I have, it appears that you [plaintiffs] filed a pretrial memorandum three and a half years late this time after already once having the case come up on the 41–B list.

\* \* \* \* \* \*

THE COURT: Well, having reviewed this file, it seems to me that there has just been constant dilatory processing of this case. It has already been on the 41–B list once, and it was taken off the 41–B list—it was avoided any dismissal only with certain commitments to process the case, those being made about four years ago. And in looking at the file, it doesn't appear that a heck of a lot has happened in those four years.

I'm going to grant the motion to dismiss in this case. It has been just too long in processing.

The standard of review applicable to this dismissal is whether the presiding justice abused his discretion in dismissing the complaint. *Cf. Bangor Motor Co. v. Chapman,* 452 A.2d 389, 392 (Me.1982); *Reeves v. Travelers Insurance Cos.,* 421 A.2d 47, 50 (Me.1980). We are left to speculate as to the precise grounds upon which the trial justice based the dismissal. He expressed three areas of concern: 1) plaintiffs' late filing of their pre-trial memorandum, 2) the case being on the Rule 41(b) list and 3) the case taking too long to process. None of these reasons constitutes cause for dismissal under the facts of this case.

■ The presiding justice spoke of plaintiffs' filing their pre-trial memorandum "three and a half years late". The justice presumably was referring to plaintiffs' possible noncompliance with the May 12, 1978, order. While violation of a court order can constitute grounds for dismissal under Rule 41(b)(2), to the extent that the justice relied

on such grounds for dismissal, we believe that, on the specific facts of this case, such a ruling constituted an abuse of discretion.

The order was conditional. Noncompliance with the order would not have resulted in an automatic dismissal; further action by the court was required to effect a final dismissal. Defendants at no time returned to the court to request such final dismissal on account of plaintiffs' failure to comply. Instead, they entered into a stipulation for docket entry, the terms of which were fully complied with by plaintiffs. The stipulation can only be interpreted as an acknowledgment by defendants that plaintiffs had complied with the conditions of the order.[4] This conclusion is buttressed by the fact that for over four years following the docketing of the stipulation, defendants, as well as plaintiffs, continued to file motions and other case-related papers. Further, at the time of dismissal, the case was scheduled for pre-trial conference. The action was moving close to final disposition. To have dismissed the case on the basis of the possible violation of the court order issued four years previously would have constituted an abuse of discretion.

The justice also spoke of the case having been "on the 41(b) list" at some time during the litigation. The term "41(b) list" is generally employed in Maine trial courts in reference to the court moving on its own to dismiss a case for failure to prosecute under Rule 41(b)(1). There is nothing in the record nor is there any docket entry indicating that plaintiffs were given notice by the court that the case was in jeopardy of dismissal under Rule 41(b)(1) or that the court ever took any action under this part of the Rule. The justice was thus mistaken in his belief that the case at some point had been in jeopardy of dismissal for such reason. The justice may have confused defendants' first motion to dismiss as a Rule 41(b)(1) matter.

4. Contrast the present case with a case where a stipulation for docket entry would act to *circumvent* an order of court. Such a stipulation would have no legal effect and would not be sanctioned by this Court. *See Burleigh v. Weeks,* 425 A.2d 623 (Me.1981).

Finally, the presiding justice stated: "I'm going to grant the motion to dismiss in this case. It has been just too long in processing." We discern this as the actual ground on which the justice predicated the dismissal. We interpret his comments preceding the ruling as circumstances upon which he based his final conclusion that the case "has been just too long in processing". Defendants have argued that even if the case was not subject to dismissal under the "letter" of Rule 41(b)(2), the Superior Court had the inherent power to dismiss the case for want of prosecution. We need not decide whether the Superior Court possesses such inherent power or whether it can be exercised without notice. We conclude that, upon the facts of this case as we have hereinbefore discussed, the presiding justice abused his discretion in dismissing the case. Notwithstanding the unquestioned laxness on the part of plaintiffs in prosecuting their suit, the case was ready for and had been scheduled for pre-trial conference at the time it was dismissed. It was therefore moving close to final resolution. With the case in such a posture, and particularly without any claim of prejudice by defendants caused by plaintiffs' slowness in litigation, it is our opinion that the imposition of the ultimate sanction, a dismissal with prejudice under the provisions of Rule 41(b)(3), constituted an abuse of discretion.[5]

The entry is:

Judgment vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring.

---

**5.** Our ruling should not be construed as an endorsement of the way plaintiffs have prosecuted this action. We note that defendants also are not wholly free from contributing to the slow pace of the litigation. For instance, plaintiffs filed a request for production of documents pursuant to Rule 34, M.R.Civ.P. on January 23, 1979. The rule required defendants to serve a written response within thirty days. Defendants had not responded ten months later when, on November 29, 1979, plaintiffs filed a motion to compel production. The motion was finally heard on May 9, 1980, and defendants were ordered to produce the documents, sixteen months after they were requested.