1997 ME 58

**WEST POINT–PEPPERELL, INC.**

v.

**STATE TAX ASSESSOR.**

Supreme Judicial Court of Maine.

Argued Sept. 4, 1996.

Decided April 1, 1997.

Robert H. Stier, Jr. (orally), Glenn Israel, Bernstein, Shur, Sawyer & Nelson, Portland, for plaintiff.

Andrew Ketterer, Attorney General, Clifford B. Olson, Asst. Atty. Gen. (orally), Augusta, for defendant.

Before: WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

LIPEZ, Justice.

[¶ 1] West Point–Pepperell, Inc. (West Point) appeals from the judgment entered in the Superior Court (Kennebec County, *Fritzsche, J.*) dismissing its appeal of the State Tax Assessor's denial of its request for reconsideration, for want of prosecution pursuant to M.R.Civ.P. 41(b)(2). West Point contends that the trial court abused its discretion in dismissing the appeal, given West Point's good cause for failing to prosecute the appeal for more than two years. We disagree and affirm the judgment.

## Background

[¶ 2] In October 1992, West Point filed in the Superior Court a petition for review of the State Tax Assessor's (the State's) denial of its request for a reconsideration of a decision involving interpretation of the phrase "unitary business" in Maine's income tax statute, 36 M.R.S.A. § 5102(10–A) (1990 & Supp.1996), and assessing corporate income taxes, interest, and penalties totaling $140,-183.08. The State entered an appearance and represented that because no record had been made below none would be filed with the court. In November 1992, West Point proposed a joint motion for the taking of evidence and procedural order ("joint motion"), that included a schedule for filing a joint stipulated record and for briefing that allowed seven weeks for the State's conduct of discovery. The State rejected the proposal due to the press of pending matters, and proposed instead a revised joint motion without any deadlines for discovery or briefing. According to the State, such procedural orders are a standard practice, having been proposed by the State and granted by the trial courts in numerous other tax appeals.

[¶ 3] On December 1, 1992, the court granted a revised joint motion submitted by the parties. The court's procedural order states that the "action shall proceed as any other civil action under the Maine Rules of Civil Procedure and that this court shall take additional evidence in such form and pursuant to such procedures as are available in other civil actions." The order also enlarged "the time for filing briefs ... to such date as may be set in a subsequent order of this court upon motion of the parties or as may be stipulated by the parties." Ordinarily, the procedural aspects of the court's review of final agency action, such as this tax appeal, are governed by Rule 80C. Here, however, the court's order stipulates that the pretrial procedure of Rule 16 of the Maine Rules of Civil Procedure was to apply. *See* M.R.Civ.P. 80C(k).

[¶ 4] The court's procedural order was the last docket entry in the case for nearly three years. During that period the State never sought discovery and West Point's only action was to send a letter to the State in December 1994 proposing settlement negotiations. Although the State immediately invited a specific settlement proposal, West Point never replied.

[¶ 5] Approximately eight months later, instead of placing the case on the "41(b) list,"[1] the court scheduled it for a pretrial conference. Although the pretrial conference was held, the State had earlier moved to dismiss the appeal pursuant to Rule 41(b)(2).[2]

---

1. The term "41(b) list" refers to a provision permitting the court on its own motion to dismiss a case for failure to prosecute pursuant to Rule 41(b)(1). *Miller v. Perry,* 468 A.2d 981, 983 (Me.1983).

2. M.R.Civ.P. 41 provides in pertinent part:

   **(b) Involuntary Dismissal: Effect Thereof.**
   (1) *On Court's Own Motion.* The court, on its own motion, after notice to the parties, and in the absence of a showing of good cause to the contrary, shall dismiss an action for want of prosecution at any time more than two years after the last docket entry showing any action taken therein by the plaintiff other than a motion for a continuance.
   (2) *On Motion of Defendant.* For failure of the plaintiff to prosecute for 2 years or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.
   (3) *Effect.* Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision (b) and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

At the hearing on the State's motion, the State asserted that if the motion to dismiss were denied the State would need additional time for discovery. West Point's counsel conceded that the law firm had overlooked the case, due in part to the procedural order's lack of the deadlines for discovery and briefing that normally would have been entered into its computerized case-tracking system. West Point's counsel further explained that he failed to follow up on the State's invitation to make a settlement proposal in December 1994 because West Point had learned at that time that the State was planning to conduct another audit which would likely result in an appeal involving the same legal issues that had motivated the first appeal. West Point chose to wait and see what would happen during the second audit, without notifying the State of its intentions or filing a motion with the trial court for a stay.

[¶ 6] The court dismissed the action, citing "an absence of a showing of good cause for the failure to prosecute" the appeal for more than two years.

### Standard of Review

[¶ 7] We review the court's dismissal of an action for failure to prosecute for an abuse of discretion. *Martell v. Jen Co.,* 643 A.2d 904, 904 (Me.1994); *Miller v. Perry,* 468 A.2d 981, 983 (Me.1983). Such abuse may occur " 'when a material factor deserving significant weight is ignored, an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them.' " *Coon v. Grenier,* 867 F.2d 73, 78 (1st Cir.1989) (citation omitted). Although we recognize the "constitutional implications of dismissal and give greater scrutiny to the decision to dismiss than we would give to a lesser sanction, we will not lightly overrule the trial court's decision." *Orlandella v. O'Brien,* 637 A.2d 105, 106 (Me.1994) (citations omitted). The "good cause" showing for keeping an action on the docket, explicit only in Rule 41(b)(1), is also applicable to 41(b)(2). *Department Human Serv. v. Vining,* 617 A.2d 555, 558 (Me.1992). "Good cause" is "a highly relative concept [which] lacks fixed and definite meaning, and the

application of it requires the court to evaluate the circumstances of each individual case and then to make its determination by exercising a sound discretion." *Emerson v. A.E. Hotels, Inc.,* 403 A.2d 1192, 1193 n. 2 (Me. 1979) (citation omitted). We have explained that good cause

> as a condition for avoiding dismissal for want of prosecution is somewhat broader in scope than the reasons of 'mistake, inadvertence, surprise, or excusable neglect' which Rule 60(b) requires to be shown for justifying relief from final judgments. Indeed, it includes them. Although excusable neglect may constitute good cause for keeping an action on the docket and avoiding dismissal under Rule 41(b)(1), inexcusable neglect does not.

*Leadbetter Int'l Trucks, Inc. v. State Tax Assessor,* 483 A.2d 1226, 1229 (Me.1984) (citation omitted).

### Discussion

[¶ 8] The State bears some responsibility for inducing the delay in this case. The procedural order was entered at the behest of the State, which sought more time for discovery. After nearly three years the State had failed to conduct discovery and therefore remained unprepared to go forward with the case when it filed its motion to dismiss for failure to timely prosecute. Any suggestion that the State was too eager to exploit the plaintiff's delay, however, is belied by its having filed the Rule 41(b)(2) motion to dismiss well after the requisite two years had passed, and not until the State itself was reminded that the appeal was still pending by the pretrial conference notice it received from the court in August 1995. Moreover, the State responded promptly to the plaintiff's December 1994 letter suggesting settlement discussions by requesting a more detailed proposal. There followed eight months of silence on the part of the plaintiff before the court noticed a pretrial conference, by which time nearly three years had passed since the entry of the agreed on procedural order. On these facts the State cannot be charged with seeking a procedural default on the basis of a minor lapse by an adverse party.

**1214**

[¶ 9] In the final analysis, the plaintiff bears primary responsibility for the long delay in the prosecution of this case. We have made clear that it is not the trial court's responsibility to police the docket, but that of the "party seeking review and his attorney ... to take notice of the docket entries made in their case, ... to look after their pending cases and take such proper steps [to] promote diligent resolution of the issues raised." *Leadbetter*, 483 A.2d at 1231. Moreover, pursuant to a proposal from the parties, the court ordered that Rule 16 should govern the pretrial procedure of this tax appeal. *See* M.R.Civ.P. 16.

[¶ 10] Rule 16 places on the plaintiff certain obligations to move a case forward, including the initiation of a scheduling conference and the filing of a pretrial scheduling statement even if the defendant is not available for conference. M.R.Civ.P. 16(b). On the filing of such a statement, the court orders the placement of the case on the regular or expedited pretrial list. M.R.Civ.P. 16(c)(1) & (d)(1). If the court assigns the case to the expedited pretrial list, the court establishes the discovery deadlines in an order placing the case on that list, and the order governs the further processing of the action. M.R.Civ.P. 16(c)(1) & (2). If the case is assigned to the regular pretrial list, the *plaintiff* moves the case forward for pretrial conference or trial by filing a detailed pretrial memorandum and serving it on the other parties. M.R.Civ.P. 16(d)(2) & (3). A plaintiff's failure to file a pretrial memorandum may result in a default judgment pursuant to Rule 55, sanctions pursuant to Rule 16(h), or "involuntary dismissal for failure to comply with these rules under Rule 41(b)(2)." M.R.Civ.P. 16(d)(2). West Point's attempt to justify its failure to prosecute by noting the procedural order's lack of deadlines ignores its primary responsibility pursuant to Rule 16 to move the case forward.

[¶ 11] West Point suggests that the State had some responsibility to move West Point's tax appeal forward. This suggestion is contrary to the basic tenet that the party alleging error bears the burden of initiating and advancing the action to establish that error. Moreover, since the State is entitled to collect interest that accrues due to the delay caused by an appeal, 36 M.R.S.A. § 186 (1990 & Supp.1996), the taxpayer has a significant stake in the timely prosecution and determination of the taxpayer's challenge to an assessment.

[¶ 12] West Point also contends that the court's dismissal of this action does not serve the underlying purpose of Rule 41 to "clear stale actions from [the] docket so that limited judicial resources may be expended on those cases to which the plaintiffs litigant have given the attention they would be expected to give a meritorious case." *Thorne v. Pickering*, 519 A.2d 718, 720 (Me.1987) (citation omitted). West Point emphasizes the continuing validity of its appeal and its potential relevance to the legal proceedings which may occur pursuant to a second audit conducted by the State. A meritorious action, however, can become stale through inattention. *Cf. Leadbetter*, 483 A.2d at 1232 (no abuse of discretion in Rule 41(b)(1) dismissal despite a strong case on the merits involving a substantial sum of money and where delay would not have prejudiced other party); *Burleigh v. Weeks*, 425 A.2d 623, 625 (Me.1981) (no good cause for failure to prosecute due to pendency of another proceeding where stay of principal action was never sought). By any measure of time this appeal had become stale through inattention, thereby frustrating the efforts of the court to resolve cases in a timely fashion and avoid congestion in our trial courts. Whatever the merits of this appeal might have been, there was no good cause for allowing it to languish for almost three years.

[¶ 13] The court did not abuse its discretion in ordering dismissal of the action.

The entry is:

Judgment affirmed.

DANA, Justice, with whom ROBERTS and CLIFFORD, Justices, join, dissenting.

[¶ 14] I respectfully dissent. Requiring no discovery, the taxpayer proposed a short schedule for the filing of a stipulated record and briefs. The Assessor needed discovery and insisted on an open-ended schedule with no deadlines. The taxpayer acquiesced and

the court issued an order deferring the time for the filing of briefs until "such date as may be set in a subsequent order of this court upon motion of the parties or as may be stipulated by the parties." Because the order set no deadlines, the attorneys for the taxpayer entered none in their office tickler system and waited for the Assessor to take its discovery. The Assessor did nothing. The court, blaming an antiquated docket control system, never imposed any deadlines and failed to bring the matter to the parties' attention for almost three years. Although the Assessor, the taxpayer, and the system all share some of the responsibility for the delay in the prosecution of this tax appeal, the court's order punished only the taxpayer. I believe that the trial court exceeded the bounds of its discretion when it imposed the ultimate sanction of dismissal on West Point–Pepperell, Inc.