STATE OF MAINE
Androscoggin, ss.

RECEIVED & FILED

JAN 1 0 2000
ANDROSCOGGIN
SUPERIOR COURT

SUPERIOR COURT
Civil Action
Docket No. AP-99-021
TED AND VI019000

DONALD L. GARBRECHT
LAW LIBRARY

JAN 13 2000

CHARLES BAILEY,

    Plaintiff/Appellee

v.

DONNA BAILEY COURCHESNE,

    Defendant/Appellant

ORDER ON APPEAL

## I. BACKGROUND

The parties obtained a divorce in Maine on March 9, 1987. There were two minor children born of the marriage. On May 5, 1999, Donna Courchesne, filed a Motion to Modify the amount of child support because both children moved from their father's residence in Colorado to live with her in Leeds, Maine. Charles Bailey continues to reside in Colorado.

According to the docket entries, notice was sent to both parties on May 18, 1999, that a case management conference (conference) would be held on June 17th.[1] Charles Bailey did not file an answer to the Motion to Modify; however, on the date of the trial management conference the court received Mr. Bailey's Child Support Affidavit, Child Support Worksheet and a letter disputing the amount of child support estimated in the defendant's Child Support Worksheet.[2] The Case Management Officer (CMO Friedlander) later noted that "Plaintiff needs to file a Motion to Amend as the Judgment was signed already. He neither filed an answer or appeared, so he was defaulted."

---

[1] A copy of the notice is not contained in the record. The actual docket entry states: "On 5/18/99: Scheduling Notice for Trial Management Conference set for 6-17-99 at 1:30 pm sent to parties."

[2] Plaintiff's filings are date stamped "RECEIVED Jun 17, 1999 - Eighth District Court - Susan C. Bement" and the docket entries reflect that his correspondence and filings were received on June 17th.

A Default Judgment was entered at the conference by the CMO increasing Mr. Bailey's child support obligation to a total of $184.00 week for both children.[3]

Mr. Bailey filed a timely Notice of Appeal and contends in his brief and at oral argument that the CMO improperly and unfairly did not consider his opposition to the Motion to Modify.

## II. DISCUSSION

Both parties appeared *pro se* in the District Court and for this appeal.

An appeal to the Superior Court is on issues of law only. This court is not able to consider the facts and evidence offered by the parties in their submissions to the court concerning the amount of support that is needed by the defendant for the children or which Mr. Bailey is able to pay.

The court characterizes the plaintiff's appeal to be in the nature of a Motion for Post-Judgment Relief or to Remove the Default.

If a party fails to appear at a case management conference "without good cause", the CMO may enter a default or default judgment, Rule III(H), Fam.Div.Rules; however, hearings conducted by a CMO are subject to the Maine Rules of Civil Procedure. Rule III(E), Fam.Div.Rules.

Under Rule 80(f), M.R.Civ.P., a defendant has the right to be heard even if he has not filed an answer so long as he enters a written appearance "before commencement of [the] hearing."[4] In this case, Mr. Bailey's written submissions to the court, which were received on the same day as the conference, constitute

---

[3] An Amended Divorce Judgment dated contained an Order that neither party was to pay child support to the other because "the parties incomes are roughly equal, and each is maintaining primary responsibility for one child."

[4] Rule 80(k)(2), M.R.Civ.P., which governs post-judgment proceedings, refers to the procedures under Rule 80(f) regarding a hearing and entry of post-judgment relief.

2

an "appearance".[5] There's nothing in the record to indicate that an actual hearing had yet been scheduled.

In addition, a review of this case fails to show whether any notice was provided to Mr. Bailey that he was required to be at the conference or that a default or other sanctions would be imposed if he failed to appear. He is entitled to notice of the consequences of failing to appear.

In *Miller v. Perry*, the Law Court reversed the dismissal of a civil action where neither the record nor the docket entries indicated that the plaintiff was given notice by the court that the case was in jeopardy of dismissal. 468 A.2d 981, 983 (Me. 1983). Here, this court applies the same rationale to the record being barren of any notice to plaintiff that he may be subject to default if he did not personally appear or file a written appearance *before* the commencement of the hearing. Rule 80(f), M.R.Civ.P.

### III. DECISION

The clerk will make the following entry as the Order of this court:

1. Plaintiff / appellant's appeal is granted.

2. The Amended Judgment of June 17-A M.R.S.A. §, 1999 is vacated.

3. The District Court / CMO is directed to reconsider the defendant's Motion to Modify in light of the submissions by the plaintiff.

So Ordered.

January 10, 2000

Thomas E. Delahanty II
Justice, Superior Court

---

[5] Absent a time stamp, this court is unable to determine whether plaintiff's written objection was filed "before commencement of [the] hearing" which had been noticed for 1:30 pm. This court is aware that the mail at most courts is delivered in the morning and that it most likely had been received by the clerk but not placed in the file.

3