STATE OF MAINE                                    SUPERIOR COURT
                                                  CIVIL ACTION
KENNEBEC, ss.                                     DOCKET NO. CV-92-109


FLEET BANK OF MAINE,

        Plaintiff

        v.                                        ORDER

CLIFFORD DUMONT, et al.,

        Defendants


## I.    Introduction.

This litigation, now more than nine years old, is based on Fleet Bank's claim that Clifford A. Dumont fraudulently transferred assets to his sons and others, also named as defendants, in order to avoid satisfying a deficiency judgment which Fleet had secured against him after foreclosure. As this passage of time suggests, the course of this case has been lengthy and the motions now presented attempt to affect it further. They are: Defendant Clifford A. Dumont's Motion for Leave to Amend; Plaintiff Fleet Bank's Motion to Dismiss or Motion for Summary Judgment; Defendant's Motion for Summary Judgment; Defendant's Motion for Leave to File Demand for Jury Trial; and Defendants' Motion for Enlargement of Time (to object to Plaintiff's Motion to Dismiss or Motion for Summary Judgment).

This order will endeavor to dispose of these motions as filed.

## II.   Defendants' Motion for Leave to Amend.

By this motion, defendant Clifford A. Dumont seeks to amend his answer, filed on June 19, 1992, by alleging nine grievances against the plaintiff, including, inter alia, breach of contract, defamation, abuse of process, fraud, and fraudulent conversion. Others, as expressed in the motion, do not articulate a recognizable cause of action in

the context of a counterclaim, e.g., "Fleet failed to attend depositions as requested by subpoena." These, of course, would be subject to a motion to dismiss so should not be permitted as amendments to the defendants' answer. *Glynn v. City of South Portland*, 640 A.2d 1065, 1067 (Me. 1994).

The balance of the claims the defendant wishes to allege in a counterclaim may be so plead, even if late, if he can establish his failure to act was due to "oversight, inadvertence or excusable neglect, or when justice so requires." M.R. Civ. P. 13(f). Leave for an amendment to pleadings is to "be freely given when justice so requires." M.R. Civ. P. 15(a). However, "when the court is presented with a motion to amend with no facts indicating what the amendment would entail, the court has no choice but to deny the motion to amend." *Bahre v. Liberty Group, Inc.*, 2000 ME 75, ¶ 11, 750 A.2d 558, 561. Because the defendant has provided the court with no factual bases on which these new aversions might rest, it is required to follow the precedent which *Bahre* provides and deny the motion. Moreover, while a motion to amend is to be freely granted, M.R. Civ P. 15(a), unexplained delay in bringing the motion -- here, nine years -- removes any presumption in favor of allowing amendment. *Diversified Foods, Inc. v. First Nat'l Bank of Boston*, 605 A.2d 609, 616 (Me. 1992).

Other reasons support the action which the court must take on this motion. First among these is that the statute of limitations has expired as to all of these causes of action. 14 M.R.S.A. §§ 752, 753. Second, the plaintiff has failed to file a memorandum of law in support of the motion as M.R. Civ. P. 7(b)(3) requires. This is no small oversight as without it, the court is deprived of any reasons in law to act favorably on this request.

2

## III. Plaintiff's Motion to Dismiss or Motion for Summary Judgment.

This motion seeks final disposition of this case which, according to plaintiff's counsel at oral argument, the plaintiff prefers to be in the form of a dismissal without prejudice pursuant to M.R. Civ. P. 41(a)(2). The reason expressed for this preference is simply that the plaintiff has had enough of this litigation and simply wants its conclusion, notwithstanding its claimed merit. For his part, defendant Clifford A. Dumont objects and asks the court to dismiss the case with prejudice if it is to dismiss the matter at all.

The court can find no case law to guide its exercise of discretion in acting on the plaintiff's request. However, the court finds the plaintiff's preference for a dismissal without prejudice to be genuinely based on a desire to terminate this litigation without further altercations. From the court's previous exposure to this case, it is apparent that the plaintiff's case was not a frivolous or meritless exercise but that the cost and length of this case simply outweighs any benefit that may be derived by its further pursuit. Moreover, given the history of protracted antagonism between these parties,[1] the plaintiff is justifiably concerned that a dismissal with prejudice would invite yet another round of litigation in the form of a malicious prosecution action brought by the defendants because such a disposition may be interpreted as one favorable to the defendants. *Palmer Development Corp. v. Gordon,* 1999 ME 22, ¶ 4, 723 A.2d 881, 883. Moreover, a dismissal without prejudice would be, in fact, an end to this matter as the plaintiff would be barred by the statute of limitations from recommencing this action. 14 M.R.S.A. § 752.

---

[1] For a history of the litigation between the parties, *see* Objection of Plaintiff Fleet Bank of Maine to Defendants' Motion to Dismiss filed January 3, 2000.

3

From this, it appears that a dismissal of this case without prejudice is an appropriate disposition of this litigation so that the court will grant this relief. That being so, the court, as the plaintiff has suggested, need not act on the alternative request for summary judgment.

## IV. Defendants' Cross-Motion for Summary Judgment.

By this motion, defendant Clifford A. Dumont asks this court to enter judgment in his favor on the plaintiff's complaint. Because this action is to be dismissed, this motion may be denied as moot.

More importantly, it must be remembered that this case concerns Fleet's claim that this defendant and others fraudulently transferred assets to frustrate the bank's efforts to enforce a deficiency judgment. Thus, to defeat this claim in a motion for summary judgment the defendant would have to show that there is no genuine issue as to any material fact, as set forth in the party's statement of material facts, and that the movant is entitled to a judgment as a matter of law on this claim. M.R. Civ. P. 56(c). Indispensable to this process, then, is the statement of material facts which must contain a record citation to support each fact asserted. M.R. Civ. P. 56(h)(1). If such a citation is not made, the factual assertion may be ignored and the court has no responsibility to search the record to determine its existence.

The defendant's statement of material facts fails to meet these requirements. Each of the factual claims in this document which relates to the plaintiff"s claim of fraudulent transfer is unsupported by any record reference. That being so, they may be ignored and, given the size of this file and the materials contained therein, this court will not engage in a search to find appropriate support for the defendant's contentions. M.R. Civ. P. 56(h)(4).

4

This failure in the defendants' pleadings carries with it the failure to demonstrate a genuine issue as to any material fact as to the plaintiff"s claim and the defendant's right to a judgment as a matter of law in this case. That being so, not only must the defendants' motion be denied, the plaintiff"s motion for summary judgment may be granted, if it so chose.[2]

## V.    Defendant's Motion for Leave to File Demand for Jury Trial.

By this motion, the defendant asks for a jury trial as to his counterclaim. Because he will not be permitted to pursue this proposed amendment to his answer, and because there will be no trial because the action is to be dismissed, this motion is to be denied as moot.

## VI.    Defendants' Motion for Enlargement of Time.

By this motion, defendants Clifford P. Dumont and Darren A. Dumont, sons of defendant Clifford A. Dumont, seek an enlargement of time to respond to the plaintiff's motion to dismiss or motion for summary judgment.

As the motion acknowledges, their request comes after the time limit prescribed by M.R. Civ. P. 7(c)(2) for reply had expired. As such, M.R. Civ. P. 6(b)(2) applies and requires a showing of excusable neglect for the tardiness before a late reply will be permitted.

The standard for excusable neglect is a strict one. *State v. Williams*, 510 A.2d 537, 539 (Me. 1986). In the context of a civil case when, "the neglect is that of the party charged to act, some extraordinary circumstance must be proven to justify excuse of such neglect." *Id.* (quoting *One 1977 Blue Ford Pick-Up Truck*, 447 A.2d 1226, 1231 (Me.

---

[2] As noted, *infra*, the plaintiff has expressed a preference for favorable action on its motion to dismiss in lieu of its motion for summary judgment.

1982)). "Excusable neglect is 'not easily proved and is not to be lightly found.'" *Id.* (quoting *Eaton v. LaFlamme*, 501 A.2d 428, 429 (Me. 1985)).

The movants cite only their error in calculation as to the time for reply as justification for their inaction. This explanation, of course, does not rise to the level of excusable neglect which the cited cases prescribe. That being so, the motion must be denied.

## VII. Conclusion.

The clerk will make the following entries:

(1) Defendant Clifford A. Dumont's Motion for Leave to Amend is DENIED.

(2) Plaintiff's Motion to Dismiss or Motion for Summary Judgment is GRANTED. Case is DISMISSED without prejudice.

(3) Defendant Clifford A. Dumont's Cross-Motion for Summary Judgment is DENIED.

(4) Defendant Clifford A. Dumont's Motion for Leave to File Demand for Jury Trial is DENIED.

(5) Defendants Clifford P. Dumont's and Darren A. Dumont's Motion for Enlargement of Time is DENIED.

So ordered.

Dated: November ___1___, 2001

John R. Atwood
Justice, Superior Court

6

Date Filed __3/16/92__ _____Kennebec_____ Docket No. ____CV 92-109_____
                                      County

Action __Fraud of Real Estate Transfer_____    Clifford A Dumont Pro Se
                                                    RR 1 Box 1220
                                                    Benton Rd
                                                    Albion Me   04910   **J. ATWOOD**


                                                    Clifford Dumont, Clifford Paul Dumont, AHR,
__Fleet Bank of Maine__                      vs.    Inc., Freedom Park Warehousing, Inc. & John

| Plaintiff's Attorney | Defendant's Attorney                    Fahlgren & |
|---|---|
| ~~Michael Haenn Esq~~ | ~~J. William Batten, Esq.~~    Darren Dumont |
| ~~P O Box 915~~ | ~~Michaela Murphy, Esq.~~ |
| ~~Bangor, ME 04402 0915~~ | ~~One Center St.~~ |
| Rufus E Brown,Esq. | ~~Waterville, Maine  04901~~ |
| 75 Pearl St PO Box 7530 | ~~Stephen P. Beale,Esq. (Dumont)~~ |
| Portland  Me   04112 | ~~P.O. Box 3200~~ |
| | ~~Auburn, Me.  04212~~ |
| | ~~XXXXXXXXX XXXXXXXXXX XXXXXXXXX~~ |
| | ~~Wyman Road~~ |
| | ~~Winslow, ME  04901~~ |

| Date of Entry | |
|---|---|
| 3/16/92 | Complaint filed.  s/Haenn, Esq. |
| | Clerk's Certificate filed.  s/Haenn, Esq. |
| | Clerk's Certificate signed.  s/Desjardin, Clerk of Court. |
| | Certified copy of Clerk's Certificate returned to Atty. Haenn for filing. |
| | FT-1 mailed. |
| 5/4/92 | Summons filed.  Served on Freedom Park Warehousing Inc. on 4/24/92. |
| 5/11/92 | Summons filed.  Service was made on Clifford P. Dumont & AHR., Inc., on 5/6/9 |
| 5/13/92 | Motion of defendants, Clifford Paul Dumont, AHR, Inc. and Freedom Park Warehousing Inc. to extend deadline to file their answer to plaintiffs complaint filed.  s/Murphy,Esq. |
| | Proposed order filed. |
| 5/14/92 | ORDER, Alexander, J. The date on which the defendants' answer is due is extended from May 14, 1992, to May 25, 1992. Copies sent to attys of record. |
| 5/15/92 | Motion for order for service by publication M.R. Civ.P. 4(g) filed. s/Haenn,Esq. |
| | Proposed order for service by publication M.R. Civ.P. 4(g) filed. |
| 5/18/92 | ORDER FOR SERVICE BY PUBLICATION s/Alexander,J. This judgment shall be incorporated upon the docket by reference pursuant to M.R. Civ.P. 79(a). Copies mailed to Attys. |
| 5/22/92 | Answer of defendant Clifford Paul Dumont filed.  s/Murphy,Esq. Answer of defendant, Freedom Park Warehousing Inc. filed.  s/Murphy,Esq. Answer of defendant, AHR, Inc. filed.  s/Murphy,Esq. |
| 5/27/92 | Notice of discovery service filed.  s/Haenn,Esq. Plaintiffs first request for production of documents (Clifford Paul Dumont) M.R. Civ.P. 34, (AHR Inc), (Freedom Park Warehousing Inc.) served on M. Michaela Murphy,Esq. on 5/26/92. Plaintiffs first request for production of documents (Clifford Paul Dumont) M.R. Civ.P. 34 filed. |

STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-92-109
JRA-KEN-6/22/2000

FLEET BANK OF MAINE,

Plaintiff

v.

ORDER

CLIFFORD A. DUMONT, et al.,

Defendants

This matter is before the court on four motions. Three of these are brought by defendant Clifford A. Dumont and will be addressed in this order; the fourth, a motion to withdraw filed by attorney M. Michaela Murphy as to defendant Clifford P. Dumont, will be disposed of in a separate order.

Clifford A. Dumont's first motion is entitled, "Motion to Dismiss Complaint and Enter Judgment in Favor of Defendant." It is dated December 6, 1999, and was filed on December 8, 1999. At its conclusion, the motion cites M.R. Civ. P. 7(c) and warns the opposing party that it must reply by filing an opposition to the motion within 21 days and that the failure to do so will be deemed a waiver of objection to the motion. Nevertheless, the plaintiff filed its objection to the motion on January 3, 2000, in a pleading dated December 30, 1999. Recognizing that this pleading may violate the provisions of M.R. Civ. P. 7(c)(3), and wishing to take advantage of that rule's sanctions upon a late response to a motion, the defendant responded with a pleading styled as "Motion per Rule 55 Default of Fleet Bank of Maine." There, the defendant brings to the court's attention his claim that the plaintiff's objection to his

motion to dismiss was filed beyond the 21-day deadline and therefore all objections to that motion must be considered waived. M.R. Civ. P. 7(c)(3).

The defendant's contention has merit in that the plaintiff's objection to the motion to dismiss should have been filed on December 29, 1999, the 21st day after the defendant's motion was filed, but instead was filed on January 3, 2000, three days late. No enlargement of time was sought by the plaintiff to allow a late response, either before or after the expiration of the 21 days as M.R. Civ. P. 6(b) would permit. Moreover, while there are those who read M.R. Civ. P. 6(d) as allowing an additional three days to be added to any time period after service of "a notice or other paper" so that a response on the 24th day might be considered proper, the plaintiff does not offer that argument and the law would not support it.[1]

Rule 7(c)(2) states that a party opposing a motion ". . . *shall file* a memorandum . . ." in opposition ". . . not later than 21 days after the *filing* of the motion . . ." (emphasis supplied). According to M.R. Civ. P. 5(e), the filing of a pleading "shall be made by filing [it] with the clerk of the court . . ." Thus "filing" occurs when the pleading is filed with the clerk. Taking these two rules together, it is plain that a party who wishes to comply with Rule 7(c)(2) and avoid the consequences of Rule 7(c)(3) needs to have a response filed with the clerk by the 21st day after the motion at issue was filed there.

---

[1] Indeed, the plaintiff's only response to the defendant's claim that its tardy response constituted a waiver of objections to the motion to dismiss was a letter to the court stating that Fleet Bank objects to defendant's "meritless motion (Motion per Rule 55 Default of Fleet Bank)." Letter of Rufus E. Brown, Esq. to Nancy Desjardin, Superior Court Clerk, dated January 25, 2000.

2

M.R. Civ. P. 6(d) reads in pertinent part as follows:

> Whenever a party . . . is required to do some act or take some proceedings within a prescribed period after the *service* of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period.

(emphasis supplied). According to M.R. Civ. P. 5(b), service occurs by mailing or delivering a pleading to opposing counsel or the opposing party.

Thus, service and filing are two different actions and Rule 6(d), by its plain language, only applies to the extension of time after service, and has no language to enlarge time from the date of filing. Accordingly, when Rule 7 cites the filing of a pleading as an operative event, Rule 6(d) does not serve to extend the time to respond to that event because the latter rule only refers to "the service of a notice or other paper" as opposed to "the filing of a motion." The acts of service and filing are distinguished in the rules, and a rule, by its terms, which only affects service, cannot be read as affecting another action such as filing. As such, it must be concluded that M.R. Civ. P. 6(d), which addresses the service of papers cannot be applied to the 21-day time period in Rule 7(c)(2) which affects the filing, as opposed to the service, of an opposition to a motion.

Our case law supports this interpretation. In *Scott Dugas Trucking & Excavating, Inc. v. Homeplace Building and Remodeling, Inc.*, 651 A.2d 327, 329 (Me. 1994), the Law Court held that M.R. Civ. P. 6(d) works only to extend a time period from the date of service and could not work to extend the time period which began to run after the entry of an order approving an attachment. In reaching this conclusion, the court cited a number of circumstances under both state and federal

3

law to illustrate that Rule 6(d), and its federal counterpart, cannot be relied on to extend time periods set by rule or statute which begin upon the date of the occurrence of a specific procedural event such as the entry of judgment or an order, or the issuance of a decision. The filing of a motion with the clerk is just such an event and cannot be extended by another rule, 6(d), which refers to a different event, namely service of a notice or other paper.

The disposition of the defendant's motion to dismiss, however, does not end with this analysis even though the plaintiffs' tardy response must be deemed a waiver of any objection to it. This is because the granting of a motion to dismiss under M.R. Civ. P. 41(b)(2) entails the exercise of discretion and therefore judicial scrutiny of the merits of the motion. Thus, an abuse of discretion "may occur 'when a material factor deserving significant weight is ignored, an improper factor is relied upon, or when all proper and no improper facts are assessed, but the court makes a serious mistake in weighing them.'" *West Point-Pepperell v. State Tax Assessor*, 1997 ME 58, ¶ 7, 691 A.2d 1211, 1213 (*quoting Coon v. Grenier*, 867 F.2d 73, 78 (1st Cir. 1989)). Moreover, if a court fails to exercise discretion and simply awards the relief sought, such a ruling "is based upon a misconception of the applicable law." *State v. Mason*, 408 A.2d 1269, 1272 (Me. 1979).

So, even though the defendant has the advantage in pursuing this motion because the plaintiff must be said "to have waived all objections" to it, pursuant to M.R. Civ. P. 7(c)(3), the court's action on the motion nevertheless requires the

4

The factor cited by the defendant, which is central to a motion under M.R. Civ. P. 41(b)(2), is the passage of time without the plaintiff taking any action in the case. The defendant alleges that there has been no prosecution of this case for "a period of over 6 years," that the litigation "has been stayed beyond the statute of limitations," and that the "case was left open-ended" by an order of this court (*Chandler, J.*), dated September 9, 1994.

An examination of the record in this case lends support to this contention, although not as to the length of time the defendant wishes to attribute to the plaintiff's inaction. As the defendant has claimed, the order of September 9, 1994, left the advancement of this case open-ended. However, a transcript[2] from the hearing leading to that order, and the parties' interpretation of it in their correspondence to the court, make it plain that the order in question must properly be understood as a stay of proceedings in this case only as long as the defendant's M.R. Civ. P. 60(b) motion was unresolved in the related District Court foreclosure action between these parties.[3]

By way of further explanation, the September 9, 1994 order was generated by an earlier motion by the defendant seeking dismissal of this case via M.R. Civ. P. 41(b)(2) because of the plaintiff's alleged inaction in this matter. At the hearing on this motion, the presiding justice declined to dismiss this case as he was persuaded

---

[2] A transcript of the hearing on September 9, 1994, was located in the file jacket of *Clifford Paul Dumont v. Fleet Bank of Maine*, RE-98-27 (Me. Super. Ct., Ken. Cty.).

[3] *Fleet Bank of Maine v. Clifford Dumont*, No. CV-90-33 (Me. Dist. Ct. 7, N. Ken.).

5

41(b)(2) because of the plaintiff's alleged inaction in this matter. At the hearing on this motion, the presiding justice declined to dismiss this case as he was persuaded that it made no sense to progress with the matter while the underlying foreclosure judgment that might serve to make this plaintiff a defrauded creditor was under attack in the Waterville District Court. This was so because if the defendant prevailed in this attack, this lawsuit could not succeed. T., p. 7. An examination of the correspondence "side" of the case file reveals letters from the former attorneys for the plaintiff and this defendant which agree that the order of September 9, 1994, although denying the first motion to dismiss under Rule 41(b)(2), also served as a stay of this action until the challenge to the underlying judgment in the foreclosure action was resolved in the Waterville District Court. *See* Letter of Stephen P. Beale, Esq., counsel to Clifford A. Dumont, to Nancy Desjardin, Superior Court Clerk, dated January 26, 1996; letter of Michael S. Haenn, Esq., counsel to Fleet Bank, to Nancy A. Desjardin, Superior Court Clerk, dated February 5, 1996. This was true, the plaintiff's lawyer wrote, because, "[i]f the Defendants prevail in overturning the judgment entered by the District Court, then it is extremely unlikely that my client [Fleet Bank] will proceed with the Superior Court action." *See* Letter of Haenn, dated February 5, 1996.

The disposition of the defendant's Rule 60(b) motion in the District Court case occurred on January 6, 1997, with that court reducing the deficiency owed to the plaintiff to approximately $30,000. At this point, nothing prevented the plaintiff from taking steps to bring this matter to trial. It had a deficiency judgment against

6

stay" which the parties agreed had been in effect by virtue of the September 9, 1994 order was no longer necessary as the District Court action had been resolved.

From January 6, 1997, until the filing of the pending motion, no action occurred in this case except that Mr. Haenn and Mr. Beale withdrew their respective appearances for the parties in this case, events which do not appear to have affected this case as Mr. Haenn was immediately replaced and the tardy entry of the defendant's appearance pro se has not been cited by the plaintiff as a prejudicial event which slowed the progress of the case.

Thus, from the date of the order in the District Court resolving the defendant's Rule 60(b) motion until the pending motion to dismiss was filed, 35 months elapsed. Subtracting the five months the defendant delayed in entering his appearance leaves approximately two and a half years from the time the "stay" was "lifted" by virtue of the District Court action in the related foreclosure case until this pending motion was filed. The only possible "good cause" for inaction during this period of time, if it can be considered at all by virtue of the plaintiff's late response to this motion, is the plaintiff's argument that the September 9, 1994 order, given an expansive interpretation, further stayed this action pending resolution of the defendant's abuse of process case against the plaintiff in the Androscoggin County Superior Court.[4] Several circumstances defeat the reasonableness of this assertion. First, the abuse of process action was commenced on January 23, 1997, long after the September 9, 1994 order was entered and after the District Court order affecting the

---

[4] See *Clifford Dumont, et al. v. Fleet Bank of Maine*, CV-97-06 (Me. Super. Ct., And. Cty.).

7

First, the abuse of process action was commenced on January 23, 1997, long after the September 9, 1994 order was entered and after the District Court order affecting the underlying foreclosure action was issued. That being so, the September 9, 1994 order could not, and did not, contemplate a stay by virtue of subsequent litigation; it was only concerned with the pendency of the Rule 60(b) motion in the foreclosure action in the Waterville District Court. Also, the text of the transcript of the September 9, 1994 hearing can be understood as a warning from the court that the plaintiff was vulnerable to having this suit dismissed for want of action and that a subsequent motion might require that "something would have to be done . . ." T., pp. 8-9. With that cautionary language from the court and the correspondence cited, *infra*, p. 6, the plaintiff had no reasonable basis to believe that later litigation, albeit between the same or related parties over related topics, would serve to extend the "stay" beyond the conclusion of the Waterville District Court action. Indeed, this case was commenced in 1992 and the Androscoggin County litigation started in 1997; to believe that the latter needed to be tried before the former is on its face unreasonable. Were the court to accept this argument, the pendency of any manner of collateral litigation could be cited as a basis for non-judicially sanctioned delay in a related case. Indeed, our Law court has held that, "the courts cannot condone a party's reliance upon the pendency of another proceeding as an excuse for not prosecuting his cause of action where the party never even sought a stay of the principal action." *Burleigh v. Weeks*, 425 A.2d 623, 625 (Me. 1981). The plaintiff never asked for a stay of this case as a result of the more recent abuse of process case

8

in Androscoggin County and cannot, as has been discussed herein, reasonably interpret the September 9, 1994 order on the defendant's first motion to dismiss as an indefinite stay of the advancement of this case. This would not only defy reason but the important judicial policy of clearing "stale actions from [the] docket so that limited judicial resources may be expended on those cases to which the plaintiffs litigant have given the attention they would be expected to give a meritorious case." *West Point-Pepperell*, 1997 ME 58, ¶ 12, 691 A.2d at 1214 (*quoting Thorne v. Pickering*, 519 A.2d 718, 720 (Me. 1987)).

For all these reasons, this motion is to be granted and the case against this defendant is to be dismissed. Because this motion is dispositive of the case as to this defendant, it is unnecessary to address his two other motions as they are moot.

Accordingly, the entries will be:

Motion to Dismiss Complaint and Enter Judgment in Favor of Defendant is GRANTED; pursuant to M.R. Civ. P. 41(b)(3), Judgment is to be ENTERED for Defendant Clifford A. Dumont. Motion to Dismiss Objection of Plaintiff Fleet Bank of Maine to Defendant's Motion to Dismiss for Failure to Follow Rule 5(a)(b) (sic) of M.R. Civ. P. is DENIED as moot. Motion per Rule 55 Default of Fleet Bank of Maine is DENIED as moot.

So ordered.

Dated: June 22 , 2000

John R. Atwood
Justice, Superior Court

9

Date Filed __3/16/92__ ___Kennebec___ Docket No. __CV 92-109__
County

Action __Fraud of Real Estate Transfer__

Clifford A Dumont Pro Se
RR 1 Box 1220
Benton Rd
Albion Me 04910

# J. ATWOOD

|  |  |
|---|---|
| Fleet Bank of Maine | vs. |

Clifford Dumont, Clifford Paul Dumont, AHR,
Inc., Freedom Park Warehousing, Inc. & John

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| ~~Michael H Haenn Esq~~<br>~~P O Box 2157~~<br>~~Bangor ME 04402-0915~~<br>Rufus E Brown,Esq.<br>75 Pearl St PO Box 7530<br>Portland Me 04112 | Fahlgren &<br>~~J. William Batten, Esq.~~ Darren Dumont<br>• ~~Michaela Murphy, Esq.~~<br>~~One Center St.~~<br>~~Waterville, Maine 04901~~<br>~~Stephen P. Beale,Esq. (Dumont)~~<br>~~P.O. Box 3200~~<br>~~Auburn, Me. 04212~~<br>~~XXXXXXXX XXXXXXXX XXXXX XXx~~<br>~~Wyman Road~~<br>~~XXXXXXXXXXXX~~<br>~~Winslow, ME 04901~~ |

| Date of Entry | |
|---|---|
| 3/16/92 | Complaint filed. s/Haenn, Esq.<br><br>Clerk's Certificate filed. s/Haenn, Esq.<br>Clerk's Certificate signed. s/Desjardin, Clerk of Court.<br>Certified copy of Clerk's Certificate returned to Atty. Haenn for filing.<br><br>FT-1 mailed. |
| 5/4/92<br>5/11/92<br>5/13/92 | Summons filed. Served on Freedom Park Warehousing Inc. on 4/24/92.<br>Summons filed. Service was made on Clifford P. Dumont & AHR., Inc., on 5/6/9<br>Motion of defendants, Clifford Paul Dumont, AHR, Inc. and Freedom<br>Park Warehousing Inc. to extend deadline to file their answer to<br>plaintiffs complaint filed. s/Murphy,Esq.<br>Proposed order filed. |
| 5/14/92 | ORDER, Alexander, J.<br>The date on which the defendants' answer is due is extended from May 14,<br>1992, to May 25, 1992.<br>Copies sent to attys of record. |
| 5/15/92 | Motion for order for service by publication M.R. Civ.P. 4(g) filed.<br>s/Haenn,Esq.<br>Proposed order for service by publication M.R. Civ.P. 4(g) filed. |
| 5/18/92 | ORDER FOR SERVICE BY PUBLICATION s/Alexander,J.<br>This judgment shall be incorporated upon the docket by reference<br>pursuant to M.R. Civ.P. 79(a).<br>Copies mailed to Attys. |
| 5/22/92 | Answer of defendant Clifford Paul Dumont filed. s/Murphy,Esq.<br>Answer of defendant, Freedom Park Warehousing Inc. filed. s/Murphy,Esq.<br>Answer of defendant, AHR, Inc. filed. s/Murphy,Esq. |
| 5/27/92 | Notice of discovery service filed. s/Haenn,Esq.<br>Plaintiffs first request for production of documents (Clifford Paul<br>Dumont) M.R. Civ.P. 34, (AHR Inc), (Freedom Park Warehousing Inc.)<br>served on M. Michaela Murphy,Esq. on 5/26/92.<br>Plaintiffs first request for production of documents (Clifford Paul<br>Dumont) M.R. Civ.P. 34 filed. |